280 So.2d 523 (1973)
Lenore TOBY, Appellant,
v.
Arnold TOBY, Appellee.
No. 72-828.
District Court of Appeal of Florida, Third District.
July 10, 1973.
Gars & Dixon and Richard A. Katz, Miami, for appellant.
Henry M. Cain, Coconut Grove, for appellee.
Before PEARSON and CHARLES CARROLL, JJ., and CREWS, JOHN J., Associate Judge.
*524 CREWS, JOHN J., Associate Judge.
This is an appeal from a final judgment granting a dissolution of marriage. The Appellant raises three issues:
1. The trial court committed an abuse of discretion in awarding only $500 as attorney's fees for the wife.
2. The trial court erred in failing to completely adjudicate the parties' respective rights in a trust in realty.
3. The trial court erred in failing to award the Appellant-wife a one-half interest in Pan American Electroplating Corporation.
We affirm the trial court respecting the first two issues, but remand for further proceedings the latter.
As to attorney fees, the Appellant has failed to meet the burden of showing a clear abuse of judicial discretion. Smith v. Smith, 151 So.2d 448 (Fla.3d D.C.A. 1963).
The record is void of any evidence touching on the amount of work performed, or the reasonableness of a fee. There was sufficient evidence, however, of the parties' net worth and income to sustain the trial court's award.
This court determined in Williams v. Williams, 177 So.2d 865:
"It is not the function of an appellate court to substitute its judgment for that of a chancellor in the awarding of attorney's fees."
Point two (2) was raised below by the Appellant in her answer which merely alleged that the parties jointly owned certain tangible and intangible personal property which required division by the court.
Section 689.15 of the Florida Statutes, F.S.A., provides that in cases of estates by the entirety, the tenants, upon divorce, shall become tenants in common. In Massey v. Massey, 205 So.2d 1 (3d D.C.A.Fla. 1967), Valentine v. Valentine, 45 So.2d 885 (Fla. 1950), it was held that once the estate by the entirety becomes an estate in common upon the entry of a judgment of divorce, it is hereafter for the parties to determine whether the property should be partitioned, or whether one party should purchase the interest of the other. The Appellant's answer requesting the division of certain properties does not meet the requirements for partition set forth in Florida Statute § 64.091, F.S.A. In Pearson v. Pearson, 213 So.2d 304 (3d D.C.A.Fla. 1968), it was held that it is reversible error for a chancellor to adjudicate, upon a petition for dissolution, rights in property held by the entirety in which the pleadings afforded no basis for relief. Accordingly, the refusal of the court below to order division of the property did not constitute error.
With respect to the third issue of the distribution of shares of stock in Pan American Electroplating Corporation, it is clear that prior to moving to Dade County the parties owned a home in their joint names in Puerto Rico. This home was sold with the net proceeds, along with other moneys earned by the Appellee, being placed in a joint bank account in Dade County.
The parties treated their moneys as belonging to both. The husband answered "Yes" to the question, "Her moneys were your money, and your moneys were hers?"
With $15,000 withdrawn from their bank account, the down payment was made on the purchase price of the Pan Am. Electroplating Corporation. Both Appellant and Appellee as individuals signed the $31,000 note for the remainder of the purchase price which was also guaranteed by both of them individually. Additionally, both signed the Security Agreement. The note was subsequently fully paid by the Corporation.
Upon formation of the Corporation, Pan American Electroplating Corporation, to continue the business purchased, the Appellee *525 received 99 shares in his name with 1 share being allotted to the Appellant.
The wife complained about this arrangement, but the husband viewed her statements as being more or less a joke, if not hilarious. It was not, however, then nor later amusing to the Appellant.
She contended below and here by reason of the foregoing facts that she should be awarded forty-nine shares so that she would own one-half of all outstanding shares.
We do not agree.
The Appellant never performed any work for the Corporation; neither did she contribute anything to it other than as herein stated. Upon that record the trial court left the parties in their stock ownership as it found them.
In Williams, supra, the Chancellor's award to the wife of an interest in her husband's property was affirmed on one or both of two theories, the one material here being:
"That the properties were acquired from funds received in the sale of a home residence which was originally in the name of both parties."
In Welsh v. Welsh, 160 Fla. 380, 35 So.2d 6, the parties to a divorce suit had a joint bank account in the approximate sum of $2,800 which was paid on a home with title thereto taken in the name of one of the husband's corporations which later conveyed the property to the husband.
The Chancellor in that case concluded that the corporation held the property as trustee for the parties and when the corporation conveyed it back to the husband, then the parties owned the home as an estate by the entireties or as tenants in common.
The Supreme Court of Florida viewed the issue on this point differently, holding that the husband should pay the wife the sum of $1,400, with interest, this being one-half of the sum taken from their joint account and paid as a first payment on the home.
We think the learned Chancellor in the instant case was correct in not dividing the stock in issue equally, but it is our view and holding that the Appellee should pay the Appellant $7,500 with interest, provided she elects to assign her one share of stock to him.
In the alternative, the court should, upon motion of Appellant, ascertain the value of her share as of the time of the entry of the final judgment, and if the value be less than $7,500, award her the difference in money with interest.
Of course, if such value is more than $7,500, she may elect to keep that which is already in her name.
This cause is remanded for further proceedings in conformity with this opinion.
Affirmed in part, and reversed in part and remanded.