342 So.2d 861 (1977)
Maita P. SINGER, Appellant (Respondent/Counter-Petitioner),
v.
Robert N. SINGER, Appellee (Petitioner/Counter-Respondent).
No. AA-268.
Court of Appeal of Florida, First District.
February 25, 1977.
Robert M. Ervin and Carl E. Rude, Jr. of Ervin, Varn, Jacobs & Odom, Tallahassee, for appellant.
Jim L. Dye of Dye & Thrasher, Tallahassee, for appellee.
MILLS, Acting Chief Judge.
Mrs. Singer appeals from a final judgment in a dissolution of marriage action. The judgment dissolves the marriage, awards custody of two minor children to Mrs. Singer, awards child support, awards rehabilitative alimony, disposes of jointly owned personal property, and awards the use and occupancy of the marital home to Mrs. Singer and the two minor children for one year, subject to payment of the mortgage, maintenance, repairs, taxes and insurance by Mrs. Singer.
Although Mrs. Singer contends the trial court committed a number of errors, it is our opinion that only one of them requires *862 our consideration. This issue is whether the trial court erred in limiting the use and occupancy of the home to one year and in providing that Mrs. Singer pay all ownership expenses during this time.
The minor children were a male and a female, ages seven and five. For the first year, Mr. Singer was required to pay support of $200.00 a month for each child. Thereafter, he was to provide $250.00 a month for each child. Mr. Singer was required to pay rehabilitative alimony of $450.00 a month for one year. The monthly mortgage payment on the home was $246.50. The annual taxes were $598.00. After dissolution of the marriage, the home was owned as a tenancy in common.
In our judgment, the trial court abused its discretion in limiting the use and occupancy of the home by Mrs. Singer and the minor children to one year and in failing to require Mr. Singer to pay one-half of the ownership expenses on the home during its use and occupancy by Mrs. Singer and the minor children.
Although the food, medical, clothing and incidental expenses of the children are adequately provided for by the monthly support money awarded, the father is also required to provide adequate shelter. This has been done for one year only. This is inadequate. For children of tender age, such as those here, the dissolution of the marriage between their parents is an unsettling experience. To require them to move from their home within one year of the traumatic dissolution of marriage can only add to the children's feeling of insecurity and frustration. We do not have a case here where the ability of the father to provide for the needs of his children is questionable. To the contrary, the record discloses that the father has the ability to provide their requirements without any sacrifice on his part. The trial court should award the use and occupancy of the home to Mrs. Singer and the minor children as long as Mrs. Singer remains unmarried and until the youngest of the children reaches majority, or the children die, or they marry, or they are no longer dependent.
The marital home became a tenancy in common upon entry of the judgment dissolving the marriage. Tenants in common have a mutual obligation to pay the charges upon the property. Mintz v. Ellison, 233 So.2d 156 (Fla.3d DCA 1970). The equity of one of the parties should not be increased by any expenditures made by the other party. Maroun v. Maroun, 277 So.2d 572 (Fla.3d DCA 1973). The judgment before us violates both of these principles. The judgment should provide that payments on the mortgage, taxes, insurance, maintenance and repair shall be paid equally by the parties.
So that the parties will know, we considered the other issues raised by Mrs. Singer but did not consider them in this opinion because the record shows that either they were not properly raised by the assignments of error or Mrs. Singer failed to demonstrate error by the trial court.
The final judgment is affirmed in all respects with the exception of the award of the marital home (paragraph 5 of the judgment) which is reversed. We remand this case to the trial court for appropriate action consistent with the views set forth in this opinion.
SMITH, J., and DRURY, ARVEL, Associate Judge, concur.