364 So.2d 1255 (1978)
Joann ALFORD, Appellant,
v.
George E. ALFORD, Appellee.
No. 78-337.
District Court of Appeal of Florida, Second District.
December 1, 1978.
Gene H. Auvil of McGee & Auvil, P.A., Brooksville, for appellant.
RYDER, Judge.
This is an appeal from portions of the order dissolving the marriage between the parties. The wife contends that the amount of child support awarded is insufficient and that the trial court should have awarded her possession of the marital home. We agree on both points, and we reverse.
Following the filing of the husband's petition for dissolution and the wife's answer and counter-petition, custody of the minor child (age 14 at the time of filing the petition) and possession of the marital home were temporarily awarded to the wife, and the husband was ordered to pay $200.00 per month temporary child support. Both husband and wife sought custody of the child. The wife also sought either the husband's interest in the home as lump sum alimony or possession of the home during the child's minority.
Husband is totally disabled and draws a tax-free government disability pension of $722.00 per month. While he was disabled, he worked as a night shift security guard in Alaska twelve hours a night, seven days a week from March 1976 to August 1977 and *1256 earned approximately $57,000.00 during that period. However, he testified at the hearing that due to his lameness and general poor health, he could not handle a regular security job, nor could he pass the physical required for a job as a security guard. Wife works as an office nurse and nets $656.00 per month. In addition to the usual expenses of raising a teenager, the minor daughter has for some time owned a horse for which the cost of maintenance and veterinary care is $43.00 per month.
Final hearing was held before a different judge. After the final hearing, the successor judge granted dissolution, awarded custody of the child to the wife, found that $125.00 per month was a reasonable amount for complete support of the child, and ordered that husband to pay half that sum, $62.50 per month. The judge ruled that neither party should be awarded exclusive use and occupancy of or any type of possessory interest in the marital home.
The law gives the trial judge broad discretion in determining the amount of child support. Kahn v. Kahn, 78 So.2d 367 (Fla. 1955). Nevertheless, an appellate court is justified in ordering an increase in support when it finds a clear abuse of discretion. McArthur v. McArthur, 95 So.2d 521 (Fla. 1957); Schultz v. Schultz, 290 So.2d 146 (Fla. 2d DCA 1974). We find such an abuse of discretion here. The amount of child support is unrealistic  if the cost of maintaining the child's horse, $43.00 per month, is deducted from the support need arrived at by the trial court, only $82.00 is left for food, clothing, medical and dental care, and other necessaries for the child. This is a clearly inadequate amount.
The trial judge additionally erred in refusing to award the wife possession of the marital home during the child's minority. Unless there is a change in circumstances, such as the wife's remarriage or a change in the child's abode, the home should not be disturbed until the child reaches majority. McNaughton v. McNaughton, 332 So.2d 673 (Fla. 3d DCA 1976); Singer v. Singer, 342 So.2d 861 (Fla. 1st DCA 1977).
Accordingly, the portions of the dissolution order complained of are vacated and the cause remanded with instructions to award possession of the marital home to the wife during the child's minority and to hold a new hearing for the purpose of determining an adequate amount of child support to be paid by the husband. In all other respects, the judgment of dissolution is affirmed.
OTT, Acting C.J., and DANAHY, J., concur.