368 So.2d 618 (1979)
Antoinette S. DOLCH, Appellant,
v.
David N. DOLCH, Appellee.
No. 78-217.
District Court of Appeal of Florida, Second District.
March 9, 1979.
*619 Thomas W. Garrard, Port Charlotte, for appellant.
John J. Dulmer, Jr. of McGill & Dulmer, Venice, for appellee.
BOARDMAN, Acting Chief Judge.
Appellant/wife appeals the amended final judgment of dissolution of marriage. The pertinent portion of the trial court's amended final judgment provides:
The Respondent, ANTOINETTE S. DOLCH, is given exclusive possession of the former marital residence, described as follows for a period of six (6) months or until the property is sold, whichever occurs first:
Lot 2, Block 130, Section 10, PORT CHARLOTTE SUBDIVISION, as per plat thereof recorded at Plat Book 4, Pages 20A through 20N, of the Public Records of Charlotte County, Florida.
During the foregoing described six (6) month period, said property shall be offered for sale by the parties and listed with a reputable real estate broker upon terms mutually agreeable to the parties. Should the property not be sold within six (6) months of this judgment, either party may petition the Court for partition of said property. Out of the proceeds of sale, either through private sale or partition sale, the parties shall repay the $2,500.00 jointly owed to the parents of Petitioner, DAVID N. DOLCH.
We hold that the trial court erred in ordering that the jointly owned marital home be sold within six months. That part of the amended final judgment is reversed. Appellant is entitled to the use and occupancy of the marital home as long as she remains unmarried and until the two minor children, ages two and three at this time, attain majority, die, marry, or are no longer dependent. See Singer v. Singer, 342 So.2d 861 (Fla. 1st DCA 1977). The trial court should determine on remand the appropriate provisions with regard to the payment of the mortgage, insurance, taxes, maintenance, and repairs on the marital home. See Maroun v. Maroun, 277 So.2d 572 (Fla. 3d DCA 1973). We note that the mortgage payment on the house, $152.93 per month, is reasonable, and it is unlikely that she could obtain alternative housing for herself and the children for that sum.
In all other respects the amended final judgment is affirmed, including the provisions for rehabilitative alimony, child support, and payment when the marital home is sold of the $2,500 owed to the parents of appellee/husband.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
SCHEB and DANAHY, JJ., concur.