LETTS, Judge.
The wife here appeals the portion of a final judgment of dissolution which ordered the marital residence to be sold within six (6) months and restricted the wife and two minor childrens’ possession of said property to that six month period. We reverse.
*621 It is established law that a wife may be entitled to the use and occupancy of the marital home formerly held as a tenancy by the entirety so long as she remains unmarried and has unmarried minor and dependent children, Singer v. Singer, 342 So.2d 861 (Fla. 1st DCA 1977).[1] It is equally well established that tenants in common should bear the obligations outstanding against any joint property equally, Singer, supra. All this being so, we have no hesitation in reversing the trial judge’s conclusion that the property be sold, especially since no formal pleadings requesting partition were ever filed (see Hazelwood v. Hazelwood, 345 So.2d 819, 821 (Fla. 4th DCA 1977).
However we note that in Singer, supra, there was no question about the father’s ability to provide for his children, whereas there might be in the case at bar. The Husband now before us is already commanded by the final judgment to pay $300.00 per month child support and one-half of the expenses on the house until sold (a sum of at least $200.00 more each month) resulting in a grand total of no less than $6,000 per year. Yet the record indicates his total gross annual income may be no more than that. (It is of course also argued that he does in fact have ability to produce money when needed).
It would be ludicrous for an appellate court to invariably require that the existing family residence be maintained for the wife during the minority of any children in her custody if it were patently obvious that the combined income of the parties would not permit it. Assuming that this problem was what Judge Futch had in mind when he ordered that the house be sold, we therefore remand this case for reconsideration of the award of $70.00 per week for the children. This reconsideration should take into account the fact that the husband, by this decision, is required to pay half the cost of maintaining the home for the next nine years.[2] The wife wishes to retain possession for that time period and it would appear under the law that she is so entitled if the parties’ finances permit. However it may well be that the husband cannot also afford the same level of periodic child support awarded if he must also maintain half of the house for the next nine years. So maybe the wife cannot have both, at least until her husband’s financial position justifies a later modification. See Wilson v. Wilson, 279 So.2d 893 (Fla. 4th DCA 1973).
Fortunately there is no suggestion in this case that the husband cannot afford any support and there is no appeal from the periodic child support award.
In sum, that part of the final judgment directing sale within six months is reversed with directions to award possession of same to the wife until the last child dies, attains majority, marries or becomes self supporting or until the wife dies or remarries, whichever of all the foregoing shall first occur. In all other respects the final judgment is affirmed except that the court may reconsider the periodic support for the minor children and reduce it, if circumstances reasonably so require.
REVERSED AND REMANDED IN ACCORDANCE HEREWITH.
DOWNEY, C. J., and DAUKSCH, JAMES C., Jr., Associate Judge, concur.

. See also Dolch v. Dolch, 368 So.2d 618 (Fla. 2d DCA 1979).

. The youngest child was born in 1970.