PER CURIAM.
Under the circumstances presented in the record, we hold that the trial court abused its discretion in failing to grant the wife and minor children of the parties the right *1249 to live in the marital home until the wife dies or remarries, or the younger child reaches majority. Smith v. Smith, 378 So.2d 11, 17 (Fla. 3d DCA 1979); Alford v. Alford, 364 So.2d 1255 (Fla. 2d DCA 1978); Bailey v. Bailey, 361 So.2d 204, 205 (Fla. 1st DCA 1978); Singer v. Singer, 342 So.2d 861 (Fla. 1st DCA 1977); McNaughton v. McNaughton, 332 So.2d 673 (Fla. 3d DCA 1976), cert. denied, 345 So.2d 424 (Fla.1977); Plant v. Plant, 320 So.2d 455 (Fla. 3d DCA 1975), cert. denied, dismissed, 336 So.2d 107, 341 So.2d 292 (Fla.1976); Reisman v. Reisman, 314 So.2d 783 (Fla. 3d DCA 1975), cert. denied, 336 So.2d 107 (Fla.1976); Venzer v. Venzer, 308 So.2d 544 (Fla. 3d DCA 1975). Upon remand, the final judgment of dissolution under review shall be appropriately amended to reflect this determination.
We find no error in the other challenged provisions of the judgment below. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Herzog v. Herzog, 346 So.2d 56 (Fla.1977); Shaw v. Shaw, 334 So.2d 13 (Fla.1976).
Affirmed in part, reversed in part and remanded.