396 So.2d 1177 (1981)
Joan Frances ZELLER, Appellant,
v.
Donald J. ZELLER, Appellee.
No. 78-2639.
District Court of Appeal of Florida, Fourth District.
April 15, 1981.
Steven J. Gutter of Bofshever, Redlich & Gutter, Fort Lauderdale, for appellant.
Sheldon Evans of Freeman & Evans, P.A., Miami, for appellee.
MOORE, Judge.
The wife, in a dissolution of marriage case, appeals a final judgment, which, inter alia, provides:
(1) That the wife shall have exclusive occupancy of the marital home for three years during which she is to be responsible for the mortgage, tax and insurance payments;
(2) That the marital home shall be sold at the end of three years and the proceeds divided between the husband and wife;
(3) That upon the sale of the marital home the wife shall receive a credit of one-half of the mortgage, tax and insurance payments she has made and a credit of $6,400 representing an accrued arrearage in temporary support, and;
(4) That upon the sale of the marital home, the husband shall be entitled to a credit of $13,500 representing one-half of funds withdrawn by the wife from the parties' *1178 joint account at the time of their separation.
The appellant contends that these provisions are erroneous and require reversal of the final judgment. We agree that reversal is in order.
The parties were married in 1967. In 1974 they purchased a home in Hollywood, Florida as tenants by the entireties which became the marital home in question. The purchase of this home was partially financed with $36,000 acquired from the wife's father in whose favor the husband executed a promissory note for that amount. After the parties separated, the appellant withdrew $30,000 from their joint account and disbursed $27,000 to her mother in partial repayment of the $36,000.
Although three children were born of the marriage, the oldest child was tragically killed in an automobile accident during the pendency of the dissolution proceedings. At the time the final judgment was entered, the other two children were approximately six and five years of age.
Initially, we hold that the trial court erred in ordering partition of the marital home in the absence of a specific pleading requesting it. As this Court opined in Niemann v. Niemann, 294 So.2d 415 (Fla. 4th DCA 1974):
To justify partition one of the parties must plead a right thereto in accordance with Chapter 64, F.S. 1971, F.S.A. A prayer for a division of the property of the parties is insufficient. Wilkerson v. Wilkerson, Fla.App. 1965, 179 So.2d 592, 598; Toby v. Toby, Fla.App. 1973, 280 So.2d 523. That requirement is no idle whim since partition involves certain rights, such as the right to partition in kind, a determination of the respective interests of the parties in the property, and the proper distribution of the proceeds from a sale. If the division of property is based upon an oral agreement of the parties, the record should clearly reflect that agreement. In the present case there was no written or oral contract of the parties agreeing to the awards made. True, the court found in the final judgment that the parties desired "the court to determine the distribution of their various assets." The only basis in the record for such a finding is the general language contained in the complaint and counterclaim praying for an adjudication of the respective interests of the parties. We do not believe that such general statements in the pleadings form a sufficient basis for a division of the parties' jointly held property, since cases abound in this jurisdiction holding that if either of the parties wants his jointly held property divided in a manner other than that provided by 689.15, F.S. 1971, F.S.A., he must agree to the manner of the division or properly plead a right to partition. Bergh v. Bergh, supra; Rankin v. Rankin, supra; Coykendall v. Coykendall, Fla.App. 1972, 260 So.2d 558. We find the present record insufficient to justify the awards in question either on the basis of an agreement of the parties or on the basis of an appropriately pleaded prayer for partition.
See also, Muhlrad v. Muhlrad, 375 So.2d 24 (Fla. 3rd DCA 1979); Stetson v. Stetson, 356 So.2d 53 (Fla. 4th DCA 1978); Sniffen v. Sniffen, 352 So.2d 113 (Fla. 4th DCA 1977). The only pleadings which conceivably could have supported the partition order were those of the husband wherein he requested that the parties' joint property and other property rights be adjusted and determined. This is precisely the sort of generalized pleading that was held to be insufficient to vest the trial court with authority to partition in Niemann, supra.
The trial court also erred in limiting the wife's exclusive occupancy of the marital home to a three year period following the dissolution of the marriage. At the expiration of three years, the children will be approximately nine and eight years of age. Under the circumstances of this case, the trial court should have awarded the wife exclusive occupancy of the marital home until the children attain the age of majority or otherwise become emancipated. Singer v. Singer, 342 So.2d 861 (Fla. 1st DCA 1977); Dolch v. Dolch, 368 So.2d 618 *1179 (Fla. 2nd DCA 1979). Although the failure to award exclusive possession of the marital home unto the custodial parent until all of the children attain majority or become emancipated would not always constitute error, such awards are so frequently ordered that they have become a generally accepted principle of the law of divorce. These awards are proper because they are in the nature of maintenance and support. Alford v. Alford, 364 So.2d 1255 (Fla. 2nd DCA 1978); Bailey v. Bailey, 361 So.2d 204 (Fla. 1st DCA 1978); Robinson v. Robinson, 340 So.2d 935 (Fla. 4th DCA 1976). The husband is a medical doctor specializing in pathology and earns in excess of $85,000 per year. The wife is a certified teacher currently receiving approximately $21,000 per year in combined alimony and child support, but she is presently unemployed and has been unemployed for most of the parties' married life. In light of these considerations and the ages of the two children in the wife's custody, together with the desirability of preventing further disruption to the stability of the household, the trial court should have awarded the wife exclusive occupancy of the marital home until the younger of the two children reaches majority or otherwise becomes emancipated. Exclusive possession of the marital home for only a three year period was an inadequate method of protecting the future welfare of the children.
We further conclude that the trial court erred in finding that the money given to the parties by the wife's father was a gift as opposed to a loan. This finding was contrary to the manifest weight of the evidence. The wife introduced into evidence the promissory note which is apparently in the handwriting of the husband and states:
 Donald J. Zeller, M.D.
 1665 A. Cedar Street
 Fort Dix, New Jersey 08640
 6 Oct, 1973
To Herbert Kresler
I owe you Thirty six Thousand dollars ($36,000.) Payable at the rate of a minimum of 05% of my annual income once my full time pathology practice has begun.
 Donald J. Zeller, M.D.
The only explanation offered by the husband in support of his contention that the $36,000 was a gift was the following testimony:
I interpreted that if he wanted the monies back, I would pay it back. Okay. That was the intent of the letter. It was discussed with my wife and myself. It was my idea. I never assumed he would want the monies back. The man had several million dollars. He always lived a good life, and he was always very generous with us. It was my attempt. It wasn't making any money. It was my attempt to make myself feel a little better about accepting this.
As would be expected, the wife testified that although both of the parties' parents gave them monetary gifts, the $36,000 given by her father was a loan to be used as a downpayment on their home.
As stated at 38 C.J.S. Gifts § 6:
A loan is not a gift; the terms "to give" or "to donate" are the precise antithesis of the term "to loan," which implies a promise to repay or return. An obligation to return or repay the thing received, or to pay interest thereon, or even an expectation of repayment, is inconsistent with the theory of a gift. A transaction cannot be changed from a loan to a gift by loose declarations of one that he has given money to another, or by permission to the borrower to keep it as long as he wishes, especially where there is an absence of complete delivery. (footnotes omitted).
See also, Schekter v. Michael, 184 So.2d 641 (Fla. 1966). The wife's testimony corroborated the plain language of the note, and even the husband admitted that there was a possibility that he would be required to repay the money. It therefore becomes obvious that the payment of the money by the wife's father was in the nature of a loan and not a gift. Accordingly, the basis on which the trial court relied to award the husband a one-half interest in the $27,000 removed by the wife from the joint account *1180 is erroneous. That is not to say, however, that no basis exists for the award. As with the other two contentions of the appellant, we remand this issue for renewed consideration by the trial court.
The appellant also contends that the trial court erred in deferring payment of the $6,400 owed by the husband until the marital home is sold. She further contends that the trial court erred in imposing on her the obligation of paying the carrying charges for the marital home during the three year period of her exclusive occupancy. Since we have concluded that both the three year period of the wife's exclusive occupancy and the partition and sale of the marital home at the end of that period are erroneous, we do not decide these latter issues, but instead remand them for renewed consideration by the trial court.
The final judgment is reversed insofar as it is inconsistent with this opinion. This cause is remanded to the trial court for the purpose of
(1) Entering a final judgment awarding the wife exclusive occupancy of the marital domicile until the youngest of the two children in her custody attains majority or otherwise becomes emancipated, and
(2) Reconsideration of the financial awards discussed in this opinion.
In all other respects, the final judgment is affirmed.
AFFIRMED IN PART and REVERSED IN PART and REMANDED.
ANSTEAD and GLICKSTEIN, JJ., concur.