400 So.2d 1018 (1981)
Gary W. FLORENCE, Appellant,
v.
Barbara J. FLORENCE, Appellee.
No. XX-24.
District Court of Appeal of Florida, First District.
June 26, 1981.
Allen W. Lindsay, Jr., of Lindsay & Andrews, Milton, and James P. Judkins of Davis & Judkins, Tallahassee, for appellant.
Louis F. Ray, Pensacola, for appellee.
PER CURIAM.
The husband appeals that portion of the final judgment of dissolution awarding to the wife as lump sum alimony the marital home titled in his name. He contends the wife did not prove her need for alimony and the husband's ability to pay it, and alternatively, he urges the trial court abused its discretion in the amount of alimony awarded. We agree the award was not justified under the facts of this case and reverse.
The husband purchased the marital home for $28,000.00 approximately six months before his October 9, 1976 marriage to appellee. The home is currently valued at $35,000.00 and the mortgage amount owed is $27,160.00. While they were married, both parties worked and deposited their money in a joint checking account from which they paid their expenses. One child, a girl, was born during the parties three year marriage. At the time of the final hearing, the wife, a bookkeeper, was earning a net income of $577.28 monthly. The husband, a helicopter pilot flying supplies to offshore oil rigs in the Gulf of Mexico, was making a net income of $1,858.00 per month.
In the final judgment, the trial court awarded the wife custody of the minor child, $50.00 per week child support, and the husband was ordered to pay all medical and dental expenses for the child. The wife was awarded title to a 1978 Dodge Challenger and the husband required to make the monthly payments which amounted to $207.00 per month for 30 months. As lump sum alimony, the wife was awarded the marital home and the husband was ordered to make the mortgage payments in the amount of $243.00 monthly. The parties joint funds were split equally and the furniture and furnishings in the marital home divided with the wife receiving the bulk of the personal property.
*1019 We recognize the restraints placed upon our review of lump sum alimony awards by the Supreme Court in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). Nevertheless, we find that under the facts and circumstances of this case, the award of the marital home to the wife as lump sum alimony was inequitable and unjustified and constituted an abuse of discretion. The wife is 31 years old, in excellent health, and this was a marriage of short duration. There are no other equitable factors which must be considered. Therefore we conclude that an award of exclusive use and possession of the marital home until the wife remarries or the child reaches eighteen or otherwise becomes emancipated will satisfy the need for maintenance and support and will constitute a more equitable solution in this case.
As the home will remain titled in the husband's name, he will continue to be solely responsible for the mortgage payments. Under this arrangement, the wife will be able to maintain the standard of living she had during the marriage and her financial needs will be met. Further, the inequitable result of the trial court's order, of transferring the parties only asset to the wife thereby substantially enhancing her net worth while requiring her husband to pay for the home and leaving him with a liability of $27,000.00 (the amount of the mortgage) will be avoided. See Parham v. Parham, 385 So.2d 107 (Fla. 3rd DCA 1980).
Accordingly, the award of lump sum alimony is reversed and the trial court is directed to enter an order consistent with this opinion.
LARRY G. SMITH and THOMPSON, JJ., concur.
BOOTH, J., concurs in part, dissents in part.
BOOTH, Judge, concurring in part, dissenting in part:
The order of the trial court should be affirmed in its entirety. In awarding the house as alimony, the court considered the needs of the wife/mother and of the very young child born of the marriage and their entitlement to the continued security of their home. The long period of minority and dependence of the child in the custody of the mother, the transitory nature of the father's employment in another state, making him unavailable for ownership decisions and immediate financial expenditures related to the home, and the practical need for sole ownership in the mother are factors supporting the trial court's decision in this regard.
I concur with the majority's affirmance of the remainder of the order; but, as to the reversal of the award of lump sum alimony, I respectfully dissent.