RYDER, Judge.
The wife appeals from a final judgment of dissolution of marriage which denied her request for the marital home as lump sum alimony. Appellant further contends that the trial court erred in failing to award to her the exclusive use and occupancy of the marital home until the parties’ minor child reaches majority or is otherwise emancipated.[1] Finally, appellant asserts error in the trial court’s order that each party pay his or her own attorney’s fees and costs. We agree with the wife that she should have been awarded the exclusive use and possession of the marital home. Appellant’s other arguments fail to show an abuse of discretion by the trial court.
Custody of the minor child of the parties was awarded to appellant with liberal rights of visitation granted to appellee.[2] Additionally, the trial court granted appel-lee’s request for partition, but awarded to appellant “the exclusive use and possession of the former marital home for a period of six months ... or until such time as the home is sold, whichever occurs first in time.”
Under the circumstances of this case, the trial court should have awarded the wife exclusive possession of the marital home until the minor child attains majority or becomes emancipated. Bullard v. Bullard, 413 So.2d 1238 (Fla. 3d DCA 1982); Zeller v. Zeller, 396 So.2d 1177 (Fla. 4th DCA 1981); Judge v. Judge, 370 So.2d 833 (Fla. 2d DCA 1979); Dolch v. Dolch, 368 So.2d 618 (Fla. 2d DCA 1979). See also Alford v. Alford, 364 So.2d 1255 (Fla. 2d DCA 1978); McNaughton v. McNaughton, 332 So.2d 673 (Fla. 3d DCA 1976), cert. denied, 345 So.2d 424 (Fla.1977). Therefore, this cause is remanded to the trial court for entry of an order granting appellant the exclusive use and possession of the marital home until the minor child reaches majority or is otherwise emancipated. Partition of the property is to be delayed until the termination of appellant’s exclusive possession. The final judgment is otherwise affirmed.
AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with the holding herein.
GRIMES, A.C.J., and CAMPBELL, J., concur.

. The child was born in April 1970.

. Appellee has not challenged the custody decision of the trial court.