PER CURIAM.
When this case was first before us, we affirmed the final judgment of dissolution in all respects except for the provision which failed to fully settle the property rights of the parties as to some remaining furniture and household furnishings referred to in paragraph 5 of the final judgment. Accordingly, we remanded “with instructions to adjudicate the parties’ property rights in the remaining personal property _” Leatherwood v. Leatherwood, 433 So.2d 8, 9 (Fla. 4th DCA 1983).
On remand, however, that mandate was not fulfilled. The trial court merely ordered that specified pieces of personalty would remain jointly owned until the minor child reaches the age of eighteen, and that other items would be sold immediately with the proceeds to be jointly divided. Our original mandate was intended to effect an equitable distribution of the personal property at issue; partition of that property is not permissible because it was not requested or agreed to by the parties. See Zeller v. Zeller, 396 So.2d 1177 (Fla. 4th DCA 1981).
We therefore find it necessary to again reverse and remand, with instructions that the trial court equitably distribute the personal property referred to in paragraph 5 of the final judgment of dissolution. If necessary, the trial court may conduct an evidentiary hearing to determine the specific items covered by paragraph 5, and their present monetary value, in order to effect an equitable distribution of the property.
REVERSED AND REMANDED.
LETTS, HURLEY and WALDEN, JJ., concur.