484 So.2d 1338 (1986)
Elizabeth CABRERA, Appellant,
v.
Anthony J. CABRERA, Jr., Appellee.
No. 85-1024.
District Court of Appeal of Florida, Third District.
March 11, 1986.
Rehearing Denied April 2, 1986.
*1339 Pardo & Pardo and Joseph Pardo, for appellant.
Horton, Perse & Ginsberg and Mallory Horton, for appellee.
Before BARKDULL, BASKIN and JORGENSON, JJ.

REVISED OPINION
PER CURIAM.
In its final judgment of dissolution, the trial court granted the wife primary custody of the parties' two-year-old child, ordered the wife and child to vacate the marital residence, and required the husband to pay $7,500 in lump sum alimony and $100 per week in child support. In this appeal, the wife challenges the trial court's failure to award her exclusive occupancy of the marital home until she remarries or the child attains majority. Agreeing that the trial court abused its discretion, we reverse a portion of the final judgment.
Cases dealing with the issue of whether the custodial parent should be awarded exclusive use and possession of the marital home until the children reach majority or the parent remarries have almost without exception answered the question affirmatively. Cato v. Cato, 432 So.2d 768 (Fla.2d DCA 1983); Cutler v. Cutler, 421 So.2d 585 (Fla.3d DCA 1982); Pino v. Pino, 418 So.2d 311 (Fla. 3d DCA 1982); Bullard v. Bullard, 413 So.2d 1238 (Fla.3d DCA 1982); Florence v. Florence, 400 So.2d 1018 (Fla.1st DCA 1981); Zeller v. Zeller, 396 So.2d 1177 (Fla.4th DCA 1981); Farrington v. Farrington, 390 So.2d 461 (Fla.3d DCA 1980), review dismissed, 399 So.2d 1142 (Fla. 1981); Kemmerer v. Kemmerer, 386 So.2d 1248 (Fla.3d DCA 1980), review denied, 392 So.2d 1376 (Fla. 1981); Smith v. Smith, 378 So.2d 11 (Fla.3d DCA 1979), cert. denied, 388 So.2d 1118 (Fla. 1980); Dolch v. Dolch, 368 So.2d 618 (Fla.2d DCA 1979); Bailey v. Bailey, 361 So.2d 204 (Fla. 1st DCA 1978); Singer v. Singer, 342 So.2d 861 (Fla. 1st DCA 1977); Reisman v. Reisman, 314 So.2d 783 (Fla. 3d DCA 1975), cert. denied, 336 So.2d 107 (Fla. 1976). Cf. Kuvin v. Kuvin, 442 So.2d 203 (Fla. 1983) (marital home not awarded to custodial parent of minor children where $20,000 awarded wife from husband's share of proceeds of ordered sale of house plus her share of proceeds would permit her to find suitable housing for herself and children); Schein v. Schein, 448 So.2d 16 (Fla. 3d DCA 1984)(absent finding of duty on wife's part to support children, court erred in awarding husband, who had custody of children, rent-free exclusive possession of marital home).
*1340 Of particular interest is the decision in Florence. There, the first district court of appeal addressed this issue in a case involving facts similar to those before us. The Cabreras resided, for the entire two years of their marriage, in a house purchased by the husband prior to the marriage. In Florence, where the husband had purchased the marital home prior to the three-year marriage, the first district granted the wife exclusive use and possession of the marital home until she remarried or the child reached eighteen or otherwise became emancipated. Because the home remained titled in the husband's name, the husband remained responsible for the mortgage payments. As did the courts in the other cited cases, the Florence court affirmed the principle that the award of exclusive possession of property is directly connected to the obligation to support. Bullard; Farrington; Duncan v. Duncan, 379 So.2d 949 (Fla. 1980).
A review of the parties' finances discloses that Mr. Cabrera owns a controlling interest in a general contracting corporation and has a net worth of approximately $619,000. In addition to the salary he receives from the corporation, he is using corporate funds to buy out his former "partner's" interest at the rate of $4,166.67 per month. Thus, he is financially able to provide adequate housing for his child without inordinate sacrifice on his part. See Singer. Mrs. Cabrera, on the other hand, has remained a housewife and is rearing the child full time. She did not work outside the home during the marriage.
This court previously stated that "the breakup of their parents' marriage is ... a severe trauma to young children; this additional physical and psychological dislocation [from the family home] should not be imposed upon them unless there is a very good reason indeed for doing so." Pino, 418 So.2d at 312; see Singer. As in Pino, no good reason exists here for removing the wife and child from the marital home. We therefore reverse that portion of the final judgment of dissolution which requires the wife and child to remove themselves from the marital home. We hold that the wife is entitled to exclusive occupancy of the residence for herself and the child until the wife remarries or the child attains majority, marries or is no longer dependent. Should the wife prefer, she may accept equivalent substitute housing. We find no abuse of discretion in the remainder of the judgment. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
For these reasons, we affirm in part, reverse in part, and remand for the entry of a judgment consistent with this opinion and for an equitable determination as to which party shall bear the reasonable and necessary expenses associated with the use and upkeep of the marital home. Judge v. Judge, 370 So.2d 833 (Fla. 2d DCA 1979); Fraser v. Fraser, 368 So.2d 97 (Fla. 3d DCA 1979).
Affirmed in part; reversed in part; remanded for further proceedings consistent with this opinion.