WIGGINTON, Judge.
Appellant appeals an amended final judgment of dissolution of the parties’ marriage. The final judgment was entered by Judge Theron Yawn but, due to his retirement, Judge Nath C. Doughtie entertained the rehearing motions. Thereafter, he entered the amended final judgment, altering the final judgment only in regard to the provisions for payment of pension benefits to appellant. We reverse and remand for reconsideration of the support and property distribution awards and the pension benefits awarded appellant.
When the parties married in March 1978, appellee owned several parcels of property, including the marital home which he valued at $60,000 and for which he paid cash in 1977. According to the evidence, the home is located near the children’s school and appellant’s place of employment.
At the time of the dissolution, appellee was 54 years of age and appellant approximately 40. Their two children were ages 10 and 7. For the past 20 years, appellee, a member of the International Longshoremen’s Checker Association, has worked as a ship cargo checker and thereby accumulated retirement benefits. In 1987, he earned almost $95,000. Appellant works as a secretary, earning about $20,000 per year.
In his amended final judgment, the trial judge evenly divided the marital assets, worth approximately $55,000. He determined that the marital home and appellee’s other non-marital property are not marital assets and therefore did not award any interest therein to appellant. He found appellant entitled to receive, upon appel-lee’s future qualification for receipt of benefits, that portion of appellee’s pension benefit amounting to one-half of the sum which is attributable to the ten marital years. Based on present value, he computed her share to be $218.75 per month. He awarded custody of the children to appellant along with $700 per month per child as child support. He directed that both parties maintain medical and dental insurance for the children. He awarded wife $500 *1243 per month rehabilitative alimony for two years and $10 per month permanent alimony. He directed appellee to contribute $8,415 toward appellant’s attorney fee.
Appellant asserts that the judge erred in the following respects: in refusing to award her either the marital home as lump sum alimony or exclusive use and occupancy of the marital home during the children’s minority; in calculating her share of appellee’s pension without including earnings on her share until the time of collection; in awarding her only $1,400 per month child support; in the alimony awards; in providing for grandparent visitation and in prohibiting appellant from moving the children away from Baker or Duval Counties without prior notice to ap-pellee. She asserts that the entire final judgment should be revisited because it has resulted in her being shortchanged and passing from prosperity to misfortune.
Each of the various support awards standing alone is not necessarily improper. However, considering the totality of the circumstances, we agree with appellant that she and the children were so shortchanged by the trial judge’s distribution of assets and/or support awards that an abuse of discretion has been shown. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Carr v. Carr, 522 So.2d 880 (Fla. 1st DCA 1988). The record shows that appellee has the far superior earning capacity, as well as additional income from non-marital property, which clearly establishes his ability to provide adequate support to his children and former wife. The evidence does not support the trial court’s determinations that appellant still owns the home she had prior to the marriage and property in Georgia, nor does it support the statement in the amended final judgment that: “Wife additionally testified that, since the beginning of the marriage, her income has been the sole source for the support of herself and the parties’ minor children.” There is no showing in the record that appellant owns any property or has any assets except for her share of the marital assets. Since the parties accumulated relatively few marital assets, insufficient marital assets were available to provide support to appellant and the children within the marital life-style. Thus, appellant has exhibited a special need making invasion in some manner of nonmarital assets necessary for the purpose of providing an adequate home or additional support for her and the children. See Turner v. Turner, 529 So.2d 1138 (Fla. 1st DCA 1988) and Gardner v. Gardner, 452 So.2d 981 (Fla. 5th DCA 1984). As recognized in Florence v. Florence, 400 So.2d 1018 (Fla.1st DCA 1981) and Cabrera v. Cabrera, 484 So.2d 1338 (Fla. 3d DCA 1986), the award of at least exclusive use of the marital home, even when it is not marital property, is directly connected to the obligation to support and is therefore often a necessary award to the custodial parent.
We also find error in the trial court’s method of awarding appellant an interest in appellee’s pension benefits. The evidence shows that payment of those benefits will not be available to appellant prior to appellee’s disability or retirement. At least, she should be awarded interest at the legal rate provided in Section 55.03, Florida Statutes, on pension money awarded but not yet transferred to her. Villaverde v. Villaverde, 547 So.2d 185 (Fla. 3d DCA 1989). On remand, the trial judge should consider her position on this issue.
The directions in paragraph 6 of the amended final judgment regarding grandparent contact, communication, and visitation and appellant’s change of the children’s primary residence outside of Baker or Duval Counties are improper. The record in no way indicates that either of those issues were before the court or addressed by the parties at any time during the proceedings. Therefore, those provisions are hereby stricken.
We therefore reverse the property distribution and support awards and strike the above-mentioned portions of paragraph 6. On remand, the trial court should, within the above considerations, fashion a more equitable support and distribution arrangement for appellant and the parties’ children, and revisit the award to appellant of a share in appellee’s pension benefits. The *1244 remainder of the amended final judgment of dissolution is affirmed.
Affirmed in part, Reversed in part and Remanded with directions.
SHIVERS, C.J., and WENTWORTH, J., concur.