## IN RE: THE MARRIAGE OF HAUG
### Case No. 84-2430 FB
Fifteenth Judicial Circuit, Palm Beach County

February 8, 1990

### APPEARANCES OF COUNSEL

**Gary S. Israel, Esquire,** for John H. Haug, former husband.

**Daniel E. Oates, Esquire,** for Sheila J. Haug, former wife.

### OPINION OF THE COURT

JOHN D. WESSEL, Circuit Judge.

*ORDER DENYING PETITION FOR MODIFICATION*

THIS CAUSE came before the Court on the Petition for Modification of Final Judgment of Dissolution of Marriage, by former husband, JOHN H. HAUG, to award him the exclusive use and possession of the marital domicile.

The former wife, SHIELA J. HAUG, was not present at the trial but was represented by counsel.

Having considered the same and being otherwise fully advised in the premises this Court makes its findings of facts and conclusions of law.

The Final Judgment in this cause awarded to JOHN H. HAUG, the father, the three (3) minor children. Since the Final Judgment of Dissolution of Marriage one (1) child has reached her majority. Another child reaches his majority in April of this year, which leaves one (1) child residing with the father. The one (1) child remaining in the custodial care of the father is JEFFREY P. HAUG, date of birth June 24, 1978. Since the Final Judgment of Dissolution of Marriage the father has been residing with the children in what was the marital domicile.

The former wife, SHEILA J. HAUG, did not receive alimony. As indicated earlier, the father was the primary custodian of the children and there was no obligation for the former wife to pay child support. The husband has continued to reside in the home paying the usual costs for maintaining it. The former husband remarried in October, 1988. His new wife resides in the marital home.

In the Final Judgment of Dissolution of Marriage the parties became tenants in common of the former marital domicile. The former wife has initiated an action in the Civil Division of this Court for partition of the former marital domicile. The former husband candidly admits he wishes to use the Order of Modification granting him exclusive use and possession of the marital domicile as a defense to the partition action. Thus, the Petition for Modification.

In support of the position of the father, *Martin v Martin,* 507 So.2d 1136 (Fla. 3d DCA 1987), is cited. The trial court provided in the Final Judgment of Dissolution of Marriage a condition subsequent to possession of the marital domicile. The conditions subsequent prohibit possession of she remarries or cohabitates with another man. The cohabitation provision was unacceptable in *Martin.* Judge Daniel S. Pearson of the Third District suggests in his concurring opinion that trial judges ought not to use an inflexible rule of terminating the possession of a marital domicile awarded to a spouse where the basis for that award was the best interest of the minor children. If there is competent substantial evidence that the welfare of the best interest of the children will be preserved by continued possession of the former marital home, then it logically does not make sense to terminate that condition, merely because the divorced spouse who has custody remarries or is cohabitating with another person.

Although this Court agrees with the logic of Judge Pearson's concurring opinion, it would appear that there are often many other factors which play a part in the decision to grant exclusive use and possession of the marital domicile in dissolution actions. It seems that

108

it should be left to the sound discretion of the trial judge to determine the conditions subsequent as to when such possession would terminate. For instance, in many instances the sole equities of the marital union are tied up in the marital domicile. This could create an artificial economic albatross on a non-occupying former spouse which has really no relationship to the best interest or any interest of the minor children. Also, if the marriage is of a short duration, granting exclusive use and possession to a spouse with a child merely becomes a conduit for the custodial parent to be provided a down payment on a residence.

Thirdly, the best interest of the minor child in many instances is not served by a new mate coming into a marital home and, in fact, creates a more unsettling experience than if the home were to remain during the child's minority, creating more insecurity and frustration to the children of divorce. *Singer v Singer,* 342 So.2d 861 (Fla. 1st DCA 1977).

Fourth, we cannot ignore bitterness created by a spouse providing housing to a new mate of a former spouse. In short, there are many factors which contribute to the problems created by an award of exclusive use and possession of a marital domicile which directly relates to the interest of the minor children, not all of them being positive.

In the instant case, the fact that the home will no longer serve as the primary domicile of the children of the marriage, but merely the domicile of one child of the marriage, is a compelling factor which favors the former wife's right to proceed with her partition.

Another fact which cannot be ignored is that the father has remarried and has been providing shelter to his new spouse, without any compensation for eighteen (18) months.

Finally, because as a record reflects in this case, the protection the marital domicile as a homestead provides to the former husband protection from creditors, appears to be the primary reason why he seeks the exclusive and possession, after the Court in its final order determined that the marital domicile should go to the parties as tenants in common. This has turned out to be a significant economic bonanza for the former husband.

Consequently this Court concludes that it is unable to find substantial circumstances which favor granting, at this late date, exclusive use and possession of the marital domicile to the former husband. Nor does it conclude from the facts presented to the Court that the best interest of the child require exclusive use and possession of the marital domicile remain with the husband.

**109**

Accordingly it is

ORDERED AND ADJUDGED:

1. The Petition for Modification filed by the former husband, JOHN H. HAUG is hereby DENIED.

2. Each of the parties shall bear their own costs and attorney fees. The attorney fee hearing scheduled for February 15, 1990, is hereby cancelled.

DONE AND ORDERED at West Palm Beach, Florida this 8th day of February, 1990.