574 So.2d 1117 (1990)
Rosa C. CRUZ, Appellant,
v.
Maximo L. CRUZ, Appellee.
No. 89-2673.
District Court of Appeal of Florida, Third District.
December 26, 1990.
Rehearing Denied March 13, 1991.
Mallory H. Horton, Miami, for appellant.
Margulies & Rones and Bruce M. Margulies and Victor Rones, North Miami Beach, for appellee.
Before NESBITT, BASKIN and COPE, JJ.
PER CURIAM.
Rosa Cruz appeals a final judgment in an action for dissolution of marriage. We affirm in part and reverse in part.
First, we have carefully considered the former wife's arguments with respect to the issue of child custody, but conclude that no reversible error has been shown with respect to the custody award in this case. See Dinkel v. Dinkel, 322 So.2d 22, 23 (Fla. 1975); Richardson v. Richardson, 442 So.2d 1005 (Fla. 3d DCA 1983).
Second, the former wife's argument with respect to the marital home has merit. The wife has custody of the youngest child, now age fourteen. We conclude that the trial court should have allowed the wife to *1118 remain in the marital home until the youngest child reaches the age of majority, rather than having the home sold at the present time. See Neustein v. Neustein, 503 So.2d 439 (Fla. 4th DCA 1987); Cabrera v. Cabrera, 484 So.2d 1338 (Fla. 3d DCA 1986).
Third, this was a long-term marriage of seventeen years, during which the wife was a homemaker and did not have outside employment. She has expressed a desire for training in the profession of nursing and the final judgment makes an award intended for that purpose. However, the testimony is uncontroverted that the wife's earning potential subsequent to completion of training will be in the $18,000 per year range, while the husband presently earns $60,000 or more. The former wife will be entering the job market at the age of forty-six. There is no suggestion that the former wife's earning potential will approach that of the former husband. In view of the disparity in the earning power of the parties and the other circumstances just outlined, an award of permanent periodic alimony should have been made. We reverse and remand for entry of an appropriate award. See Askegard v. Askegard, 524 So.2d 736 (Fla. 1st DCA), review denied, 536 So.2d 243 (Fla. 1988); Henning v. Henning, 507 So.2d 164 (Fla. 3d DCA 1987); see also Canakaris v. Canakaris, 382 So.2d 1197, 1201-02 (Fla. 1980).
Fourth, the final judgment contains an award of lump sum alimony payable in installments over the space of two years. This award was evidently intended to constitute a rehabilitative alimony award. We vacate the lump sum award and remand for further consideration of the award in light of the determination that there should be an award of permanent periodic alimony in this case.
Finally, the items as to which we have reversed may have effects on other portions of the alimony, child support, or equitable distribution awards. The trial court has the discretion to make such other adjustments as may be necessary to fashion a fair and equitable decree.
We reverse the decree insofar as was stated above, and remand for further proceedings consistent herewith. We affirm in all other respects, including the dissolution of the parties' marriage and the award of child custody.
Affirmed in part, reversed in part, and remanded.