PER CURIAM.
Julio Sanchez, the former husband, appeals a final judgment of dissolution of marriage. Fara Sanchez, the former wife, has cross-appealed. We affirm.
The husband first contends that he used his own separate funds to pay approximately $9,000 toward acquisition of the marital home, and therefore was entitled to a special equity. There was other evidence, however, that the funds were those of the husband’s father and constituted a gift to the parties. The trial court could, and did, resolve the conflict adversely to the husband.
The husband also contends that certain other funds which came to the couple from the husband’s father were loans, rather than gifts. Again, the evidence on this point was in conflict. After hearing the testimony of the husband’s father, the husband, and the wife, the trial court had ample basis on which to disbelieve that the payments were loans and to believe that the payments were gifts to the couple. See Shaw v. Shaw, 334 So.2d 13, 16 (Fla.1976); Froman v. Froman, 458 So.2d 833 (Fla. 3d DCA 1984).
*698 Third, with regard to the award of the marital home to the wife during the minority of the child, we find no error. See Cruz v. Cruz, 574 So.2d 1117 (Fla. 3d DCA 1990); Cabrera v. Cabrera, 484 So.2d 1338, 1339 (Fla. 3d DCA 1986).
Fourth, with regard to the denial of overnight visitation to the husband, our affirmance is without prejudice to the husband to apply for overnight visitation as the trial court indicated, when the child is somewhat older.
As to the cross-appeal, there was no abuse of discretion in denying the wife's request to impute additional income to the husband. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
The wife next contends that she should have been allocated a share of the husband’s profit-sharing plan and stock. The final judgment recites that she waived any claim to these items, but the wife argues that the judgment is in error on that point. After review of the record it appears that the wife did waive the claim. However, when the wife asserted the contrary at the conclusion of the hearing, the trial court made clear that the'waiver was taken into account in allocating the balance of the assets and liabilities. In other words, even if there had been a misapprehension of the wife’s position with respect to the pension and stock amounts, it would not make a difference in the net award to the wife.
Finally, the husband argues that the judgment does not specifically allocate responsibility for about $8,000 of credit card and medical indebtedness. Our affirmance of the judgment is without prejudice to apply for clarification on that point.
Affirmed.