PER CURIAM.
Appellant, the former husband, appeals the final judgment of dissolution of marriage. We affirm the trial court’s award of lump sum and rehabilitative alimony, child support, and payment of marital debts, and its determination that the former wife could relocate the children to Texas, as all these rulings are supported by the law and the evidence. However, we reverse that portion of the order requiring the former husband to maintain health insurance for the benefit of the children. The former wife concedes that his obligation to provide health insurance should continue only as long as insurance coverage is reasonably available to him, as in his present employment, at a reasonable rate. § 61.13(1)(b), Fla.Stat. (1993). Similarly, the former wife concedes that the trial court’s order restricting the children’s contact with the children’s grandparents, her former in-laws, should be stricken. Teague v. Teague, 551 So.2d 1242, 1243 (Fla. 1st DCA 1989), rev. denied, 562 So.2d 347 (Fla.1990). Finally, with regard to the former husband’s contention that the trial court should have made cross-awards of the parties’ remaining two parcels of real property rather than leaving the parties as cotenants of these properties, we find that this can as easily be accomplished by agreement of the parties as by order of the court. In fact, the former wife has stated in her brief that she is willing to take one property and allow the former husband to take the other.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
SMITH, JOANOS and DAVIS, JJ., concur.