346 So.2d 1060 (1977)
Gloria WASKIN, Appellant,
v.
Robert R. WASKIN, Appellee.
No. 76-403.
District Court of Appeal of Florida, Third District.
June 7, 1977.
*1061 Aronovitz & Weksler, Miami, for appellant.
Retter & Sack, Miami, Berryhill, Avery, Schwenke, Williams & Scott, Fort Lauderdale, for appellee.
Before PEARSON and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PEARSON, Judge.
In this appeal from a Final Judgment of Dissolution of Marriage, the wife argues that the alimony and child support provisions of the judgment are grossly inadequate, and that the trial judge abused his discretion in requiring the wife to pay all of the mortgage, taxes, insurance, maintenance and repairs of the marital residence which is to be exclusively occupied by the wife and the two minor children of the marriage. A third point urges that the trial judge should have required the husband to secure the child support payments by a charge upon his life insurance.
The wife, Gloria Waskin, is twenty-seven years of age and the husband, Robert R. Waskin, is thirty years of age. The couple married in June of 1969, when the wife was a junior college student and part-time office clerk at an osteopathic hospital and the husband was a sophomore medical student at the Osteopathic College of Medicine in Chicago. The parties moved to Chicago in order for the husband to complete his medical training. The wife, at this time, obtained employment and continued to work until December of 1970, when she became pregnant. Since then, due to the fact that she has been raising the parties' two young children, the wife has not been employed. Following the husband's internship in Ohio, the parties returned to Miami where the husband took a position with a North Miami Beach osteopathic physician, where he remained for a period of one year and earned in excess of $20,000. In 1973, the parties *1062 purchased a comfortable home where they resided together until August 1, 1975. The home was well furnished with added improvements, including a swimming pool, and with all payments made by the husband through the considerable income of his ever improving osteopathic medical practice.
In 1973, the husband went into practice for himself and, during that year, earned approximately $75,000 before taxes. For the fiscal year, July, 1974, to July, 1975, the husband drew from the professional association he had formed as sole stockholder, approximately $78,000 gross income. From July, 1975, he has drawn $1,000 per week as a salary, compared with $1,500 per week drawn the previous year. The reason for this decrease in salary, according to the husband, was due mainly to some changes in the medical laws beginning in July, 1975. However, it does appear that the professional association has a profit of $18,000, which Dr. Waskin can draw from to supplement his salary. Additionally, there was a professional association pension plan contribution to the husband's pension of $6,400, and a depreciation deduction of $5,000 from which Dr. Waskin can draw cash. The professional association deducted approximately $5,800 for entertainment as well as a sum of $3,300 to cover the expense of weekly psychiatric counseling for the husband. The testimony of a certified public accountant who had visited Dr. Waskin's offices on two occasions prior to the hearing below projected, on the basis of the doctor's cash collections and the elimination of entertainment and promotional fees, that Dr. Waskin would be able to draw out the same salary that he drew out the previous year.
The parties have been accustomed to a fairly high standard of living. Their home is valued at approximately $100,000 and their furnishings at approximately $25,000.
The trial court entered a Final Judgment of Dissolution of Marriage, which provided that the wife be awarded custody of the two minor children, that the husband pay child support of $100 per week per child and $150 per week alimony, that the wife's tuition and book expenses at Barry College be paid for by the husband for a period of three years, that the wife should have the right to occupancy of the marital home for as long as she remains unmarried or until the children reach majority, that the wife receive the husband's interest in the Oldsmobile Cutlass, that the husband make available a life insurance policy on his life which the wife may maintain with herself as beneficiary so long as she makes the premium payments, that the husband pay for the parochial pre-school expenses for the younger child, that the husband pay the medical, dental and hospital expenses of the children, that the husband pay certain outstanding bills as well as providing the wife with medical care as a professional courtesy, and that the husband pay for major repairs to the house. Also, the judgment provided that the husband be given liberal visitation rights with the children.
The wife's first point is as follows:
"Did the court err in determining the award of alimony and child support in a dissolution of marriage judgment by failing to consider (a) the husband's ability to pay, (b) the needs of the wife and (c) the standard of living shared during the marriage?"
The trial judge has set forth his findings on alimony and child support as follows:
"4. That the Respondent, ROBERT R. WASKIN, an Osteopathic Physician, whose gross income is approximately $1,000.00 a week, has a take home pay of $630.00 a week.
"5. That the Petitioner, GLORIA WASKIN, is studying toward a degree at Barry College, in Fashion Merchandising, and is unemployed, but intends to seek employment upon her graduation. That the Respondent shall pay the Tuition in books and fees, and should continue to do so for a period of three (3) years."
* * * * * *
"9. That the Respondent is unable to pay more than $350.00 per week for the support of the Petitioner and the children, and the Court finds that a reasonable amount for alimony is $150.00 per week, and $200.00 per week for the support *1063 of the children, together with other expenses as provided for herein.
"10. That the Respondent shall pay for the cost of parochial school for the minor child, KIMBERLY LYNN WASKIN, until she is old enough to go to public school."
Inasmuch as these findings are supported by evidence before the trial court and the real question presented is whether the trial judge abused his discretion by making such meager allowances for the former wife and children in view of the former husband's ability and their needs, we have examined the record in the light of the holdings of the Supreme Court of Florida in Shaw v. Shaw, 334 So.2d 13 (Fla. 1976); and Herzog v. Herzog, 346 So.2d 56 (Fla. 1977); and we find no reversible error.
The wife's second point urges that it was error to require her to pay for all of the mortgage payments, insurance, taxes, repairs and maintenance on the jointly-owned marital residence where it was provided by the judgment where it was provided by the judgment that the residence should be used as a home for the wife and the children. We agree. The mortgage payment was $311 per month in 1975 (the amount has increased each year). The wife's alimony payment is $150 a week or approximately $650 a month, so that nearly one-half of her alimony is required to provide a place to live for herself and the children. Because the property is jointly owned, the judgment would require her to build her husband's equity in the property. As we noted in Hendricks v. Hendricks, 312 So.2d 792 (Fla. 3d DCA 1975), it is the obligation of each tenant in common to pay one-half of the property expenses consisting of mortgage payments, insurance, taxes and necessary repairs. The failure of the court to require Dr. Waskin to pay one-half of the charges on the former marital residence was clear error. See Singer v. Singer, 342 So.2d 861 (Fla. 1st DCA 1977). See also Maroun v. Maroun, 277 So.2d 572 (Fla. 3d DCA 1973); Mintz v. Ellison, 233 So.2d 156 (Fla. 3d DCA 1970); and Spencer v. Spencer, 160 Fla. 749, 36 So.2d 424 (1948). It is both unjust and an abuse of discretion to require the mother, who has no resources other than the small alimony payment to be solely responsible for continuing to provide and maintain the home.
In the present case, the father who has established the home and wishes for his children to remain there, is well able to meet the monthly payments. Because of his present superior position in generating income compared to the position of the mother, we, therefore, direct that the judgment be amended to provide that the father be responsible for all payments upon the residence for the mortgage, insurance, taxes, and necessary repairs.
The wife's last point urges that the child support payments should be secured by the husband's large insurance policies on his own life. Such an arrangement is sometimes proper. See Bosem v. Bosem, 279 So.2d 863 (Fla. 1973); and Riley v. Riley, 131 So.2d 491 (Fla. 1st DCA 1961). However, there is nothing in the law that requires a husband to maintain insurance for his wife or children unless special circumstances dictate its advisability. See Fleming v. Fleming, 177 So.2d 384 (Fla. 3d DCA 1965). We hold that in view of the relative youth of the parties and the altogether reasonable likelihood that Dr. Waskin will continue to earn large amounts of money in his profession, it was not error for the trial judge to refuse to make this provision for the security of future payments of child support.
The judgment is hereby amended to provide that while the marital residence is occupied by the wife and the children, and until the ultimate sale of the property thereafter, the husband shall pay the charges therein consisting of mortgage payments, insurance, taxes and necessary repairs. Upon the sale of the property, the husband shall be entitled to a credit against the wife's share of the proceeds of the sale of one-half of such expenses of the property as he shall have so paid and is here ordered. Inasmuch as the omission of any provision in the final judgment for such expenses in the residence property has operated to impose *1064 payment thereof on the wife as a matter of practicality, the judgment is hereby further amended to provide that upon the sale of the property, the wife shall receive a credit against the husband's share of the sale proceeds for one-half of such charges upon the residence as she shall have paid between the date of the judgment (February 12, 1976), and the date of the filing of our mandate in this case.
The judgment as herein amended is affirmed.