PER CURIAM.
The following opinion and judgment by NATHAN, J., prepared prior to his death on August 10, 1978, is hereby adopted by a panel of the Court as the opinion and judgment of this court.
NATHAN, Judge.
This is an appeal by the husband from the portion of a post-judgment order on contempt motions, ordering the husband to pay, within fifteen days, the arrearages on his share of mortgage payments on the marital home.
By final judgment of dissolution of the marriage of Gloria Millman Gainsborg and Edwin B. Gainsborg, the trial court ordered that the marital home
“ . . . shall be held by the parties as tenants in common until a sale can be effected, at which time the proceeds of the home shall be divided equally between the parties. The mortgage payments on the marital abode from this date and before the sale shall be divided equally between the parties. Each will have an equal responsibility for the mortgage payments. Both parties have agreed that the marital abode should be sold, and the parties shall proceed expediently to effect this sale.”
Subsequent to entry of the final judgment, the wife filed two motions for contempt for the husband’s failure to pay his half of the mortgage payments. The husband filed a motion for contempt for the wife’s frustration of an expedient sale of the marital home. At a hearing on the motions for contempt, the husband alleged that the wife, who is living in the home with her two adult sons and a gentleman friend, has actively prevented a sale by turning away a prospective purchaser, and by listing the home at an excessive price. The trial judge determined that because the husband has an interest in the home, he must pay the arrears and continue to make his share of the mortgage payments until the sale of the home, as provided in the final judgment.
On this appeal, the husband contends that the trial court was without jurisdiction to require the husband to contribute to the mortgage payments on the home where such payments were not part of an award of alimony or child support. The wife counters that the husband is attempting to appeal the final judgment requiring the equal division of mortgage payments between husband and wife, long after the time for taking an appeal had expired; and further, that the court did have jurisdiction to require the husband to pay half of the mortgage payments, as the property is held by the parties as tenants in common.
As a general rule, it is the obligation of each tenant in common to pay one-half of the property expenses consisting of mortgage payment insurance, taxes and necessary repairs. Waskin v. Waskin, 346 So.2d 1060, 1063 (Fla.3d DCA 1977), and cases cited therein. Therefore, we are of the opinion not only that the trial court had jurisdiction to require the husband to share equal responsibility for the mortgage payments, but also that the court was correct in its order on contempt motions, ordering the husband to pay the arrears, and to continue to make his share of the payments until the house is sold.
While nothing contained in this opinion precludes an independent action on the part of the husband seeking partition of the property, it cannot be ignored that the final judgment itself provided that both parties agreed that the home should be sold, and ordered that “ . . . the parties shall proceed expediently to effect this sale.” Neither party took an appeal from the final judgment. From the record, it appears that the wife has failed to comply with this provision of the judgment. Accordingly, while we affirm the order herein appealed, we also remand the cause to the trial court with directions to conduct further proceedings to establish whether or not the wife’s non-compliance was wilfull. It is axiomatic that the court has inherent jurisdiction to enforce its orders. If the wife’s non-compliance is found to be wilfull, she will be *1030 subject to such sanctions as the court may impose.
Affirmed and remanded with directions.