413 So.2d 754 (1982)
THE FLORIDA BAR, Complainant,
v.
Melvin BRATTON, Respondent.
No. 59414.
Supreme Court of Florida.
March 18, 1982.
Rehearing Denied May 27, 1982.
John A. Boggs, Asst. Staff Counsel, Tallahassee, Jay M. Levy, Bar Counsel, Miami, and Donald Klein, Chairman, Grievance Committee 11 H, Miami Beach, of The Florida Bar, for complainant.
Melvin D. Bratton, in pro per.
PER CURIAM.
This attorney-discipline proceeding is before the Court upon the complaint of The Florida Bar, the report of a referee, and the petitions of both parties for review. Our jurisdiction and procedure are governed by article V, section 15, Florida Constitution and the Integration Rule of The Florida Bar, article XI, Rule 11.09.
The Florida Bar filed a two-count complaint against respondent Melvin D. Bratton. The first count charged a violation of Integration Rule 11.02(4) and Disciplinary Rule 9-102(B)(4) of the Code of Professional Responsibility for failure to return to a client $10,000 that had been posted as a bond in a foreclosure proceeding. It was alleged that the client had entrusted this money to respondent for the specific purpose of making the bond. Respondent's first argument in response was that the client had tendered the money as partial payment for attorney's fees owed and that respondent had then advanced the money to the client for the purpose of posting the bond. His second argument was that when the money was released from the bond, he had a right to retain it by virtue of a lien for attorney's fees owed.
The second count charged respondent with violation of article VIII of the Integration Rule and Disciplinary Rule 3-101(B) in that he continued to practice law while under suspension for not paying his Florida Bar membership dues.
*755 The referee found that the Bar proved the allegations of both counts of the complaint by clear and convincing evidence. The client's funds, the referee found, were entrusted to respondent for the specific purpose of posting a bond and not in partial payment of any fees, and when released should have been returned to the client regardless of any outstanding attorney's fees. The referee concluded that respondent had no lien on the funds since, again, the money was given for a specific purpose unrelated to the services for which the unpaid fee was claimed.
The factual allegations having been proved, the referee concluded that respondent had violated the Integration Rule and Code provisions as charged. The referee recommended suspension for eighteen months for count one and a public reprimand for count two.
Respondent contends that the referee's findings of fact on count one are erroneous. We conclude that the findings are not clearly erroneous and therefore must be upheld. State ex rel. The Florida Bar v. Bennett, 246 So.2d 107 (Fla. 1971); The Florida Bar v. Wagner, 212 So.2d 770 (Fla. 1968).
Respondent argues that he held a lien on the $10,000 and was entitled to retain it. Although article XI, rule 11.02(4) provides for retention of money or property upon which a lawyer has a lien and for "payment of agreed fees from the proceeds of transactions or collections," these provisions are not applicable when funds have been entrusted for a specific purpose and there is no agreement for payment of fees therefrom. An attorney must not allow his claim of a fee for past services rendered to conflict with his duties as a trustee when entrusted with money for a specific purpose of his client. This potential conflict is resolved by a general principle of law, cited by the referee, that property delivered for a specific purpose is not subject to a retaining lien. See 7 Am.Jr.2d, Attorneys at Law, § 318 (1980).
Regarding the second count, respondent argues that when he belatedly paid his dues, his reinstatement to the practice of law was retroactive and cured any problem of having practiced law while not in good standing. We do not agree that reinstatement functions retroactively so as to excuse the misconduct of practicing law while under suspension for nonpayment of dues. To so hold would undermine the purpose of the proscription against practicing law while in arrears on dues.
We therefore adopt the findings of the referee that respondent is guilty of violating the Integration Rule, article VIII and article XI, Rule 11.02(4), and Disciplinary Rules 9-102(B)(4) and 3-101(B).
The Florida Bar in its petition for review argues that the referee's recommended discipline is too lenient and that respondent should be disbarred. Although respondent's offense is serious, we find some mitigation in the fact that respondent and the aggrieved client are brothers-in-law. Respondent had performed several services for the client on a relatively informal basis. We recognize in this context the regrettable possibility that the informality and emotion arising from the family tie may have influenced the course of events leading to respondent's breach of ethics.
Therefore, adopting the referee's recommended discipline, we suspend respondent Melvin D. Bratton from the practice of law for eighteen months and thereafter until proof of rehabilitation. The suspension shall be effective April 19, 1982, thereby giving respondent time to close out his practice and take the necessary steps to protect his clients, and it is ordered that respondent shall not accept any new business. We hereby further publicly reprimand respondent and assess against him the costs of these proceedings in the amount of $1,739.61.
It is so ordered.
ADKINS, A.C.J., and BOYD, OVERTON, ALDERMAN and McDONALD, JJ., concur.