477 So.2d 2 (1985)
William S. MITCHELL, Jr., Appellant/Cross-Appellee,
v.
Gloria Ann MITCHELL, Appellee/Cross-Appellant.
No. 84-902.
District Court of Appeal of Florida, Fifth District.
September 12, 1985.
Rehearing Denied October 17, 1985.
Tanya M. Plaut of Law Offices of Tanya M. Plaut, P.A., Orlando, for appellant/cross-appellee.
Howard S. Reiss and Charles R. Trulock, Jr., Orlando, for appellee/cross-appellant.
UPCHURCH, Judge.
The husband appeals and the wife cross-appeals from a final judgment of dissolution. The parties have raised numerous issues on appeal, only three of which we will discuss below.
First, the wife argues that the trial court erred in failing to require the husband to contribute towards the household expenses. The court below awarded the wife exclusive possession of the marital home but made no provision for the payment of the mortgage, taxes, insurance or maintenance on the home and made no provision for a credit against the other's share for the party making the payments. The parties have assumed that all costs in connection with the home must be paid by the wife. We do not share this conclusion because it seems obvious this was not the intention of the trial judge. The wife was awarded $1,400 per month permanent periodic alimony and $1,000 per month child support for a total monthly income of $2,400. However, the wife, who was unemployed, lists monthly expenses of over $3,340. The monthly mortgage payment and taxes alone amount to close to $1,200. Since the court made no specific provision for the wife to pay these expenses and to do so would work an obvious injustice, we conclude that the obligation to pay the mortgage, insurance, taxes, and maintenance is shared jointly by the parties. See Farrington v. Farrington, 390 So.2d 461 (Fla. 3d DCA 1980); Smith v. Smith, 378 So.2d 11 *3 (Fla. 3d DCA 1980); Singer v. Singer, 342 So.2d 861 (Fla. 1st DCA 1977). Accordingly, if the wife has made all of these payments since the date of the final judgment, she is entitled to a credit against the husband's one-half of the proceeds upon the sale of the property. Wood v. Friedman, 388 So.2d 1355 (Fla. 5th DCA 1980); Rubino v. Rubino, 372 So.2d 539 (Fla. 1st DCA 1979).
Second, the wife contends that the trial court erred in not ordering the husband to be responsible for the children's medical and dental expenses.[1] The final judgment directs shared responsibility of decisions affecting the children's dental and medical care but is silent as to payment of these expenses. Presumably the trial court considered the usual and ordinary medical and dental expenses in determining the amount of child support. Should unusual or major medical or dental expenses arise, application to the court may be made for an appropriate allowance.
Finally, the wife contends that the trial court erred in not requiring the husband to maintain life insurance as security for his child support obligation. While a father can be required to maintain life insurance on his own life for the benefit of his minor children as security for his obligation to pay support for children not in his custody, Eagan v. Eagan, 392 So.2d 988 (Fla. 5th DCA 1981), there is nothing in the law that requires the husband to maintain insurance unless special circumstances dictate its advisability. Waskin v. Waskin, 346 So.2d 1060 (Fla. 3d DCA 1977). In Waskin, the Third District held that since Dr. Waskin was young and would be likely to earn large amounts of money in his profession, the trial court did not err in refusing to require him to maintain life insurance to secure future payments of child support. Here it is also likely that the husband, a medical doctor, will continue to earn a substantial income. Thus we conclude that the failure of the trial court to require the husband to maintain life insurance is not an abuse of discretion.
We find no merit to the remaining issues raised on appeal.
AFFIRMED.
COBB, C.J., and LEE, R.E., Associate Judge, concur.
NOTES
[1] The trial court ordered shared parental responsibility of the parties' two children with their primary residential care to be with the wife.