505 So.2d 606 (1987)
Carolyn FAUST, Appellant,
v.
Frederic L. FAUST, Appellee.
No. BN-296.
District Court of Appeal of Florida, First District.
April 10, 1987.
*607 Joseph R. Boyd and William H. Branch of Boyd and Thompson, P.A., Tallahassee, for appellant.
John D. Carlson of Gatlin, Woods and Carlson, Tallahassee, for appellee.
SMITH, Judge.
The wife appeals a final judgment of dissolution, contending that the trial court's awards are inequitable and an abuse of discretion, and that the trial judge erred by awarding ownership of the marital residence to the husband and ordering her to relinquish her rights and interest in the residence upon payment by the husband to her of one-half of the value of the property. We reverse.
The parties were married in 1962 and have four grown children. The husband is 54 years old, in good health, and a tenured professor in the school of criminology at Florida State University, earning a little over $50,000 per year. The wife, a high school graduate when she married, is 48 years old and in good health. She did not work during the first part of the marriage, but in 1972 she returned to school and thereafter worked and went to school intermittently. When she worked, the wife never made more than $10,000 a year. She received her master's degree in leisure services and studies in December 1985 and desires to work in that field.
According to their testimony, the parties during their marriage virtually lived from "paycheck to paycheck." They have two significant marital assets: a marital home which has a stipulated value of $88,500 and the husband's retirement plan which one expert valued at $141,645 to $161,025.
The wife petitioned for dissolution requesting, among other things, equitable distribution, permanent periodic and lump sum alimony. The husband counterpetitioned for dissolution and included a prayer for partition of the marital home.
At the time of the final hearing, the wife was unemployed and was looking for a job in her field. She testified that she needed approximately $1500 per month to take care of her basic needs. Expert testimony established that if the wife could obtain employment in her field she could expect an entry level salary of $14,000 to $16,000, and $25,000 to $35,000 after five years.
In the final judgment of dissolution, the trial court ordered the husband to pay the wife $44,250 for her interest in the marital home. The wife was ordered to transfer all of her rights and interest in the residence to the husband. The husband was ordered to pay the wife $700.00 per month rehabilitative alimony for thirty-six months. The remaining personal property was split between the husband and wife. The final judgment makes no reference to the husband's retirement benefits.
In Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. 1986), the Supreme Court *608 held that a spouse's entitlement to pension or retirement benefits must be considered as a marital asset for purposes of equitably distributing marital property if the benefits have not otherwise been used in calculating support obligations. In so ruling, the court recognized that in most cases it is preferable to treat pension or retirement benefits as a marital asset rather than a source of support obligations. In this instance, the trial judge, who was without the benefit of the Supreme Court's decision in Diffenderfer when he ruled, obviously failed to consider the husband's entitlement to retirement benefits either in fashioning equitable distribution or as a source for the wife's support. The dispositional scheme fashioned by the trial court must therefore be revisited by the trial court, and we reverse on this ground.
The wife next contends that the trial court erred in awarding thirty-six months of rehabilitative alimony rather than permanent alimony. Rehabilitative alimony is appropriate in those instances where the evidence indicates the recipient spouse has the potential or capacity to gain a financial stature that would permit her to become self-supporting. Mundy v. Mundy, 498 So.2d 538, 539 (Fla. 1st DCA 1986). The wife, armed with her newly acquired master's degree, has expressed her desire to work until forced retirement or her health becomes bad. There is evidence in this record from which the trial court could reasonably have concluded that the wife has the ability to support herself within the next five years.
However, we agree with the wife that the trial court abused its discretion in determining the amount of rehabilitative alimony. There is no reasonable interpretation of the evidence presented which supports an award of only $700.00 per month. Under the terms of the final judgment, the wife is required to make her monthly car payment of $280.00, obtain suitable housing, feed and clothe herself, and job-hunt on this relatively meager amount. On the other hand, the evidence demonstrates that the husband over-estimated his expenses, underestimated his income, and is in a position to contribute more towards the wife's needs. While it is true that the wife hopes to become employed, she was not employed at the time of the final hearing, nor did the trial court find that the wife remained unemployed through any fault of her own. Based on the evidence of need and ability to pay in this record, it was error to award such a small amount of alimony. Further, the evidence, in our view, more appropriately suggests an award of rehabilitative alimony for five years rather than three. We refrain, however, from ordering an extension, since the wife can petition for an extension of her rehabilitative alimony if she has not become fully self-supporting at the end of three years.
Finally, we address the trial court's disposition of the marital home. We recognize that the trial judge possesses broad discretionary authority to do equity between the parties and has available various remedies to accomplish this purpose, including lump sum alimony, permanent periodic alimony, rehabilitative alimony, child support, a vested special equity in property, and an award of exclusive possession of property. Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla. 1980). In addition to these remedies, the Florida Supreme Court more recently approved cross-awards of jointly held assets, upon request by either party, to achieve equitable distribution. Tronconi v. Tronconi, 466 So.2d 203 (Fla. 1985). In this latter case, Mrs. Tronconi challenged the ability of the trial court to order the parties to convey their interest in their joint assets as part of a property distribution scheme, arguing that, in the absence of any special claims on jointly held property, the court has no choice but either to partition the property upon application of either party, or to do nothing, which upon dissolution, results in a tenancy in common. Ch. 64, Fla. Stat. (1981) (partition); § 689.15, Fla. Stat. (1981) (tenancy by entirety becomes tenancy in common upon dissolution). The court disagreed, stating that as a natural extension of the rule in Canakaris, the trial judge, upon request by either party for disposition of jointly held assets, may order the conveyance of *609 such assets as will achieve an equitable distribution. Tronconi, 466 So.2d at 204. This was accomplished despite a strong dissent that there was no specific justification for the court-ordered property disposition which amounted to the court's making a property settlement for the parties which was beyond the proper authority of the court in such a situation.
We view the trial court's action here as venturing a step beyond the property division authority recognized by the Tronconi court. The question raised here is whether the trial judge had the authority to order the wife to relinquish her rights and interest in the parties' sole real property asset, their marital home, upon payment by the husband to the wife of one-half the value of the property. There was no counterbalancing award of other joint property to the wife, but merely a conversion of the wife's own interest in the real property into cash. We find the trial judge exceeded his authority.
We note a critical distinction between this case and Tronconi. In Tronconi, there were two residences, and the trial court's cross-awards of jointly held property permitted the parties to continue the occupancy of their present residences. Here, there is only one home and the trial court, without a discussion of any special contributions by the husband or other justification, ordered that the husband should have sole ownership of the parties' only parcel of realty, the marital home, while the wife must take money in return for her interest. The husband, by judicial fiat, has the comfort and enjoyment of the marital home while the wife must bear the time and expense of finding alternate housing. This is not a "cross-award" of jointly held property as contemplated by Tronconi, but rather a court-ordered purchase by one tenant in common of the other tenant in common's interest in jointly owned property. While there are some circumstances which justify a transfer of title to jointly owned property (e.g., alimony needs or a finding of special equity), none have been offered here. Absent some justification for this inequity, the trial court should have permitted title to the marital home to have vested in the parties as tenants in common by operation of law. Since the husband requested partition, the trial judge could have ordered partition to proceed pursuant to the dictates of Chapter 64, in which event each party would at least have the opportunity to purchase the other's interest. We find no authority for the trial court to direct disposition of the property through the means accomplished here.
Notably, the husband has cited no case which supports the trial court's division of the jointly-owned home property. On the other hand, there is considerable case authority which prohibits the transfer ordered here, the leading decision being Valentine v. Valentine, 45 So.2d 885 (Fla. 1950). In Valentine, the Florida Supreme Court held that once the chancellor granted a divorce and decided the spouses' owned equal interest in a home owned by the entireties, he could not require the husband to pay the wife half of the amount at which the home was valued and order the wife to convey to the husband all her interest in the home, since under the statute (section 689.15) the spouses became tenants in common upon dissolution of the marriage. Once this occurred, it was for the parties to determine whether the property should be partitioned or whether one should purchase the interest of the other. Valentine, 45 So.2d at 886.
This case has been further complicated by the fact that during the pendency of this appeal the husband mortgaged the property for $60,000.00 and the wife quit claimed her interest to the husband. While we feel the trial judge erred in ordering the transfer of property under the circumstances presented, for this court to order a reconveyance now would be impractical, and may well be unnecessary. The wife has not argued that she wishes to live in the marital home, or that she would have purchased her husband's interest in the home if given the opportunity, or that the sum of $44,250.00 which she received for her interest in the home was not a fair price for her interest. Further, the marital home remains an asset in the hands of the husband as a source of such further payment as the trial court determines appropriate to accomplish *610 the equitable distribution mandated by Diffenderfer.
REVERSED and REMANDED for further proceedings consistent with this opinion.
JOANOS, J., concurs.
BARFIELD, J., concurs and dissents with opinion.
BARFIELD, Judge, concurring and dissenting:
Because of my concern that this court is once again substituting its limited view of fairness without a clear indication of abuse for the trial judge's exercise of discretion and obligation to fashion equitable remedies, I respectfully dissent to a portion of the majority opinion which dictates to the trial judge on the matters of rehabilitative alimony and partition of the marital residence.
The final judgment is silent concerning the matter of the husband's retirement benefits. I agree with the majority that this record strongly supports treatment of these benefits as a marital asset for distribution or source of support as mandated by Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. 1986). There appears to be no question about the vesting of these benefits; however, the omission by the trial judge of any disposition of this asset in the final judgment is fatal error and requires reversal. On remand, I would direct the trial judge to firmly fix the parties' interests in this asset even if he requires the taking of additional evidence. To revisit this issue in isolation is wrong. I would direct the trial judge to review the entire distribution of property and support, if necessary, in order to fashion an equitable remedy.
I part company with the majority in its final treatment of the marital home because I believe the court has exceeded its authority in considering speculation, outside the record, as to what might have happened to the marital home since the final judgment. That is irrelevant as this court's function is evaluation of error and consideration of abuse of discretion. I agree completely with the majority's analysis and conclusion of error in the disposition of the marital home. I would reverse at this point and leave it to the trial judge to unscramble the mess, if there is one. Frankly, I believe this court should have granted the requested stay when the trial judge failed to do so. Having perpetuated the trial judge's error, we should now return the matter for his further review.
My final disagreement with the majority concerns its exercise of discretion upon findings it has made which ignore substantial competent evidence supporting the trial judge's award of $700 per month rehabilitative alimony for three years. It has come to appear that two-thirds reasonable in the appellate court is all that counts. The converse of that argument is that if you are in the minority and believe that reasonable people would agree with the trial judge, then you too are unreasonable.
This record reflects that during the course of the marriage the parties underwrote, on the husband's income, a master's degree education for the wife to become employed and be a financial contributor to the family. The wife confirmed her intention to become employed, the existence of outstanding job applications, her rejection of a job that was not to her liking and the rejection of another job which carried a commitment for only one year at a community college. The record is replete with unchallenged testimony that jobs are available below the wife's education level but which would furnish the experience requirements to propel her into the salary range exceeding $25,000 annually. The salaries for these jobs coupled with the rehabilitative alimony would exceed the wife's stated need. I cannot say that reasonable people could not differ concerning the propriety of the trial judge's award.
The conclusion of my differences with the majority is that we should find error in the omission of the retirement benefits from consideration and the disposition of the marital home, and we should remand to the trial judge to review his entire judgment in light of these errors.