WIGGINTON, Judge.
Appellant wife appeals a final judgment of dissolution, challenging the amount and duration of the award to her of rehabilitative alimony. We reverse and remand for further consideration.
The parties were married for approximately nine and one-half years and have one son, who was born in June 1980. At the time of the marriage, appellee husband was earning approximately $23,000 a year. At the time of the final judgment, he had been working as president of the Florida League of Hospitals since 1982. In 1984, his income was $55,222 after taxes, and by the time of the final judgment in March 1986, his income was $91,000 a year plus other benefits. Prior to the marriage, he had earned two masters’ degrees and had completed course work for a Ph.D. During the marriage, he wrote his doctoral dissertation and obtained his Ph.D. degree.
At the time of the marriage, wife, who is now approximately forty years old and in good health, had earned a B.S. degree in Sociology and was working full time as a secretary for the Florida Engineering Society. Her work experience has been substantially in the secretarial field. Soon after the marriage, she began working only part time and by 1980, she no longer worked outside the home. Evidence at trial showed that she is presently capable of earning less than $20,000 a year. She requested sufficient rehabilitative alimony to allow her to pursue a master’s degree in social work, with which, according to the evidence, she could expect to find employment in a field that could provide some advancement opportunities and with a starting salary of approximately $23,000 a year. The evidence showed that the master’s degree program which she sought to pursue is a four-semester or two-year program.
In his final judgment, the trial judge found that appellant was previously a highly competent employee, but she needs adequate time to “sharpen her skills” to be able to obtain employment in the future comparable to the work she performed pri- or to the marriage. He found that a one-year period was reasonable and awarded her $750 per month in rehabilitative alimony. He also awarded wife $600 per month in child support. He ordered that the marital home, in which the parties have an equity of approximately $20,000, be sold and that the proceeds be divided equally between the parties. He ordered that the parties’ savings account of approximately $1,475 be divided equally and that husband assume full responsibility for $5,000 in joint debts of the parties and pay wife’s attorney’s fees. The parties had no other substantial assets.
The standard of review of the order on appeal is whether the trial judge abused his discretion in making his award of rehabilitative alimony. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Vandergriff v. Vandergriff, 456 So.2d 464 (Fla.1984). We find that based on the evidence of need and the ability to pay shown by the record in this case, the trial judge erred in the amount and duration of the rehabilitative alimony awarded. No reasonable interpretation of the evidence supports an award of only $750 per month for one year. With that meager amount, wife must obtain suitable housing, feed and clothe herself, and search for a job while attempting to “sharpen her skills.” Compare this Court’s opinion in Faust v. Faust, 505 So.2d 606 (Fla. 1st DCA 1987). There, a rehabilitative alimony award of only $700 *500 per month for three years was found to be unreasonable in both amount and duration. In that case, the husband is a college professor who earns approximately $50,000 per year.
In view of the record before us, we find that the rehabilitative alimony awarded by the trial judge in this case is facially inadequate in light of appellee’s monthly income at the time of the final judgment and appellant’s present need for assistance. See Vandergriff. Therefore, we reverse and remand to the trial judge for reconsideration of the amount and duration of the rehabilitative alimony award.
ERVIN, J., and FRANK, RICHARD H., Associate Judge, concur.