548 So.2d 712 (1989)
Dana FRECHTER, Appellant,
v.
David B. FRECHTER, Appellee.
Nos. 88-1723, 88-2444.
District Court of Appeal of Florida, Third District.
August 1, 1989.
Rehearing Denied October 9, 1989.
*713 Harold M. Braxton and Patricia Ann Ash, Miami, for appellant.
Frederick C. Sake, for appellee.
Before NESBITT, BASKIN and COPE, JJ.
PER CURIAM.
The wife in this dissolution action raises several points on appeal. We find merit in two. First, the wife contends that the trial court erred when it determined the amount of attorney's fees to be awarded to her. We agree. Second, the wife claims that the rehabilitative alimony awarded to her was insufficient. We also agree with this claim.
In Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1151 (Fla. 1985), the supreme court held:
[I]n computing an attorney fee, the trial judge should (1) determine the number of hours reasonably expended on the litigation; (2) determine the reasonable hourly rate for this type of litigation; (3) multiply the result of (1) and (2); and, when appropriate, (4) adjust the fee on the basis of the contingent nature of the litigation or the failure to prevail on a claim or claims. Application of the Disciplinary Rule 2-106 criteria in this manner will provide trial judges with objective guidance in the awarding of reasonable attorney fees and allow parties an opportunity for meaningful appellate review.
Rowe requires the trial court not only to determine the proper amount of attorney's fees by considering the hourly rate, the number of hours reasonably expended on the case, and the appropriateness of the reduction or enhancement figures but also to set forth specific findings as to these factors. Rowe, 472 So.2d at 1151; see Lanham v. Lanham, 528 So.2d 80 (Fla. 2d DCA 1988); Shields v. Shields, 502 So.2d 1349, 1350 (Fla. 2d DCA 1987); Boyle v. Boyle, 485 So.2d 879 (Fla. 2d DCA 1986). This is what the trial court failed to do and why, as to these fees, this case must be reversed and remanded.
In the Frechters' final judgment of dissolution of marriage, the trial court judge ordered that the wife was entitled to
reasonable attorney fees and costs payable by the petitioner. Therein, the Court finds that the Petitioner shall bear a portion of the Respondent's attorney's fees and costs ... the Petitioner shall pay to the Respondent's counsel of record the sum of $6,500.00 in and for attorney fees incurred herein. .. .
The trial court failed, however, to set forth specific findings as to the Rowe factors.
Testimony was taken from the wife's attorney that the reasonable value of his services to Mrs. Frechter was $13,500-$21,000. The expert of the wife's attorney *714 testified that between $13,000 and $17,000 would have been a reasonable fee considering the time constraints and complexity of the litigation. The husband's expert testified that the litigation should have taken only twenty-five to thirty hours. Both parties and all the experts agreed that fees of $200 per hour for the trial counsel and $125 per hour for the assistant counsel were reasonable. Therefore, while the record contains sufficient evidence upon which the trial court could have based its award according to the Rowe criteria, the trial court erred in failing to set forth its specific findings. Lanham, 528 So.2d 80.
Second, as to the wife's claim of insufficient rehabilitative alimony, we conclude that it was error not to provide for rehabilitative alimony of a duration that would allow the wife to complete the paralegal training she claims she needs in order to earn an income which will help her approach the lifestyle enjoyed by the parties during their marriage. See MacConnel v. MacConnel, 467 So.2d 1033 (Fla. 2d DCA 1985); Bassett v. Bassett, 459 So.2d 473 (Fla. 2d DCA 1984). The husband's own financial data when considered along with the wife's testimony as to large amounts of cash on hand and the testimony of the husband's former bookkeeper as to undeclared income earned by the husband's business, see Pollack v. Pollack, 517 So.2d 707 (Fla. 4th DCA 1987), review denied, 528 So.2d 1183 (Fla. 1988); Seitz v. Seitz, 471 So.2d 612 (Fla. 3d DCA 1985), all go to the husband's ability to pay the ordered amount of $100 per week for the full term of the wife's paralegal training rather than the one-year limit required by the trial court.
We reject, however, the claim that the child support payments awarded should be secured by requiring the husband to maintain an insurance policy on his own life. There is no doubt that such a provision is within the trial court's broad range of discretionary powers. See Bosem v. Bosem, 279 So.2d 863 (Fla. 1973); Riley v. Riley, 131 So.2d 491 (Fla. 1st DCA 1961). However, as clearly noted in Waskin v. Waskin, 346 So.2d 1060, 1063 (Fla. 3d DCA 1977): "[T]here is nothing in the law that requires a husband to maintain insurance for his wife or children unless special circumstances dictate its advisability." See Mitchell v. Mitchell, 477 So.2d 2 (Fla. 5th DCA 1985); see also Fleming v. Fleming, 177 So.2d 384 (Fla. 3d DCA), cert. denied, 183 So.2d 214 (Fla. 1965). In view of the relative youth of the parties and the likelihood that Mr. Frechter will continue to earn money in his profession, the trial judge did not err in failing to make this provision for the security of future child support payments. While the fathers in Waskin and Mitchell were physicians, similar reasoning employed in those cases is equally applicable to Mr. Frechter, as owner of a travel agency.
Furthermore, we reject the wife's claim that the trial court erred in the award of the town house to the husband after exclusive occupancy by the wife and minor child ends. The town house, which was titled in the husband's name only, was purchased prior to the marriage with an initial investment of $12,000 in the husband's premarital funds and $9,500 in wedding gifts. The home did not appreciate in value at all during the marriage and may have, in fact, depreciated. It is valued at $94,000 and it has a $73,240 mortgage, leaving equity of $20,760 which falls a few dollars short of the $21,500 initial contributions claimed by the parties. The trial court chose to refund the wife her one-half of the wedding gift funds. The wife, citing Faust v. Faust, 505 So.2d 606 (Fla. 1st DCA 1987), claims that it was beyond the trial court's authority to award the husband the wife's interest in the home by allowing him in effect to buy her out. Faust acknowledges the propriety of cross-awards of jointly held assets, upon request by either party, to achieve equitable distribution. Faust, 505 So.2d at 608; see Tronconi v. Tronconi, 466 So.2d 203 (Fla. 1985). The court in Faust based its decision that the trial judge exceeded his authority in ordering the wife to relinquish her rights and interest in the home upon payment by the husband of one-half value on the fact that "[t]here was *715 no counterbalancing award of other joint property to the wife... ." Faust, at 609.
In the instant case, a second family asset, the couple's new Volvo, went to Mrs. Frechter, with the husband ordered to make all payments. Further, the decision in Faust is inapplicable to the Frechters in that the Faust court observed "the wife must bear the time and expense of finding alternate housing." Mrs. Frechter, on the other hand, was granted the exclusive use of the town house with Mr. Frechter making all mortgage payments until Mrs. Frechter remarries, cohabits with a man on the premises, removes herself permanently from the premises, or until the husband is no longer responsible for payment of child support, which will occur some fourteen years from now.
Considering the short term marriage and the length of time the husband will be losing the use of the funds he pays in mortgage payments, we find that the trial court's decision was equitable. The property was in Mr. Frechter's name and he claimed ownership of it; he did not therefore have to additionally claim special equity in it in order to preserve his right to reimbursement of his premarital contribution. A similar solution was determined to be appropriate in Florence v. Florence, 400 So.2d 1018, 1019 (Fla. 1st DCA 1981).
While we agree that exclusive occupancy should be affirmed, we find that the order should be sent back to the trial court for a statement as to whether it is being awarded for the purpose of child support or alimony. See Zediker v. Zediker, 398 So.2d 915, 916 (Fla. 1st DCA 1981), citing Moore v. Moore, 311 So.2d 152 (Fla. 3d DCA) (judgment dissolving marriage should specify whether husband's obligation to pay mortgage payments is alimony, child support or otherwise), cert. denied, 324 So.2d 87 (Fla. 1975).
Further, the final judgment as it affects Mrs. Frechter's use of the town house should be modified to excise the restriction precluding her exclusive use and occupancy of the town house in the event that she cohabits with a man on the premises. "[B]ecause restrictions of this nature impact upon the private life of the custodial parent, they will be sustained only if the record contains competent substantial evidence to demonstrate that they are required to safeguard the best interests of the child." Miller v. Miller, 423 So.2d 638, 639-40 (Fla. 4th DCA 1982); see also Martin v. Martin, 507 So.2d 1136 (Fla. 3d DCA 1987); Nichols v. Nichols, 491 So.2d 617 (Fla. 1st DCA 1986).
Summarizing, we reverse and remand for a new hearing wherein the trial judge should set forth his findings in accordance with Rowe, revise the duration of the rehabilitative alimony awarded, classify the town house mortgage payments as alimony or child support, and excise the restriction as to cohabitation. In all other respects, the final judgment is affirmed.