**In the Matter of Paul PATTIE, Debtor.**

**Roy LOUDERMILK, Plaintiff,**

**v.**

**LEVINE, HIRSCH, SEGALL & NORTHCUTT, P.A., Defendant.**

**Bankruptcy No. 88–1486–8B7.**
**Adv. No. 88–507.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Nov. 8, 1989.

Larry Foyle, Tampa, Fla., for Roy Loudermilk, trustee.

Arnold Levine, Tampa, Fla., for Levine, Hirsch, Segal and Northcutt, P.A.

Norman Davidson, Tampa, Fla., for debtor.

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

THOMAS E. BAYNES, Jr.,
Bankruptcy Judge.

THE MATTERS under consideration in this adversary proceeding are 1) the Second Amended Complaint for Turnover filed by Plaintiff, Roy Loudermilk, (Trustee), against Defendant, Levine, Hirsch, Segall & Northcutt, P.A., and 2) Defendant's counterclaim. The Court reviewed the record, received testimony, heard argument of counsel, and finds as follows:

Paul W. Pattie (Debtor) was married to Thelma A. Pattie (ex-wife). A Florida state court entered a final judgment dissolving their marriage on April 9, 1986, Case No. CA 84–3583. Paragraphs 5 and 6 of the Final Judgment of Dissolution of Marriage state,

> 5. In order to effect equitable distribution, and as lump sum alimony, Respondent, PAUL W. PATTIE, shall pay to Petitioner, THELMA A. PATTIE, the sum of Two Hundred Fifty Thousand and no/100ths ($250,000.00) Dollars. This award of lump sum alimony shall not effect the interest of the parties in any real property which is titled in joint names, but is intended to represent all of Wife's interest in any jointly owned tangible and intangible property not currently possessed by Petitioner, THELMA A. PATTIE.
>
> 6. All tangible personal property currently possessed by either party is to be owned by that party.

Apparently, the Final Judgment prompted property disputes since two motions for reconsideration were heard by the state court on January 23, 1987 and October 30, 1987.

At the January 23, 1987 hearing on the motion for reconsideration, counsel for ex-wife and the Debtor were prepared to settle all issues and read their stipulation onto the record. The stipulation was extremely detailed as to alimony, child custody, and property settlement. Counsel told the state court they "agreed in principle, now we just need to work on the mechanics." Ex-wife and the Debtor were put under oath and stated they heard the terms and agreed to be bound by the settlement.

During the Debtor's marriage in 1983, he and his ex-wife purchased a Nuveen Series 370 bond and a municipal bond fund. The bond certificate was titled in both their names as joint tenants. The Final Judgment dissolving their marriage made no reference to the bond. The Debtor, however, was examined about the bond at the final hearing. At the first hearing on the motion for reconsideration, no reference was made to the bond. Prior to that hearing, and as a result of settlement discussions, the Debtor and his ex-wife allowed the bond to be liquidated.

Ex-wife, her counsel, Lesley J. Friedsam, a former associate of Plaintiff, the Debtor, and Debtor's counsel executed letters to U.S. Trust Co. of New York. The letters directed U.S. Trust Co. of New York to liquidate the bond and bond fund and disburse the proceeds to the Defendant to be held in trust for the Debtor and the ex-wife. In executing the letters, the Debtor's state court counsel sent a cover letter dated April 29, 1987 to the Defendant reaffirming the proceeds would be deposited into the Defendant's trust account and not disbursed until the total settlement between the ex-spouses has been consummated and closed. After the closing, $65,-000.00 was to be disbursed for the benefit of the ex-wife and the balance to the Debtor. The settlement closing was scheduled for July 23, 1987 but never took place.

The settlement agreement as articulated at the state court hearing was never committed to paper. On October 2, 1987, the Debtor's state court counsel wrote the Defendant demanding the funds held in escrow be returned to the Debtor's counsel since it is apparent there is no settlement. The Defendant's counsel refused to turn-over the escrowed funds.

The Debtor filed a Petition for Relief under Chapter 7 of the Bankruptcy Code on March 17, 1988. He listed on Schedule B–2 the Nuveen bond as an asset. The Trustee demanded return of the bond proceeds but the Defendant refused the demand. The Complaint for Turnover of Estate Property which is the subject of this adversary proceeding was filed on December 2, 1988. The Defendant counterclaimed for specific performance of the settlement agreement, a determination that the bond proceeds are not property of the estate but rather property belonging to the ex-wife; and that the Defendant has a valid enforceable charging lien against the funds.

The Trustee contends the Final Judgment encompasses all of the marital assets of the Debtor and his ex-wife. Pursuant to the divorce decree, the Debtor contends as possessor he was the owner of the Nuveen bond and municipal bond fund. Due to the post-judgment dispute regarding the marital assets, the Debtor entered into settlement negotiations. As a showing of good faith, the Debtor authorized the bond proceeds to be placed in escrow conditioned upon the closing of the settlement. Since the settlement never took place, the Trustee contends the entire amount of the proceeds is property of the estate and should be returned to the Debtor.

The Defendant contends the Final Judgment does not encompass the bonds since neither the Final Judgment nor the state court pleadings mention this marital asset. When disputes arose regarding specific marital assets, the Debtor and his ex-wife entered into settlement negotiations. The Defendant contends that a settlement was reached and the bond proceeds placed in escrow are part of the settlement and belong to the Debtor's ex-wife. Even if the Court finds there was no post-judgment settlement, the Defendant contends the ex-wife still holds a vested interest as a tenant in common in one half of the proceeds. Further, the Defendant asserts a charging lien on the bond proceeds.

The first issue posed by the Defendant is the Final Judgment of Dissolution does not contemplate the transfer or division of the Nuveen bond because the divorce case pleadings do not include the bond. Therefore, the state court did not have jurisdiction to deal with the Nuveen bond. The bond was held as joint tenants prior to the divorce, and therefore it is now owned as tenants in common by the Debtor with his ex-wife. The Defendant acknowledges if the act of the state court in Paragraph 6 of the Final Judgment of Dissolution has the effect of giving the bond to the husband/Debtor and such a determination was mere error rather than being jurisdictional, then the judgment awarding the bond is controlling.

While the bankruptcy court jurisdiction has been known for wide inquiries into state court judicial determinations, *see, Garafano v. Trustees of the Amalgamated Insurance Fund (In re Garafano)*, 99 B.R. 624 (Bankr.E.D.Pa.1989), it is quite clear this Court must give full faith and credit to

state court judgments. Title 28 U.S.C. § 1738. As the Supreme Court of the United States noted in *Rose v. Rose*, 481 U.S. 619, 107 S.Ct. 2029, 95 L.Ed.2d 599 (1987), federal courts should not enter into state domestic relations matters unless it is clear federal law would preempt or that such state law would severely affect federal preempted issues. *See also, Burch v. Burch (In the Matter of Burch)*, 100 B.R. 585 (Bankr.M.D.Fla.1989). Assuming the Defendant is correct that the issue of the Nuveen bond was not contemplated anywhere in the divorce proceedings, there is authority to suggest the state court was without jurisdiction to make such determination. *See, Faust v. Faust*, 505 So.2d 606 (Fla. 1st DCA 1987); *Leonard v. Leonard*, 414 So.2d 554 (Fla. 2nd DCA 1982). However, the bond was brought up during the protracted litigation prior to the Final Judgment of Dissolution and the Final Judgment of Dissolution did contemplate the transfer of all personal property held by both the husband/Debtor and his ex-wife. There was no appeal of the Final Judgment of Dissolution nor was the Paragraph 6 allocation challenged during the various motions for reconsideration or at the settlement hearing. The Defendant's objection at this stage of the proceedings ignores the law of the case. The Court finds the bond was at issue during the proceedings; that the parties and the state court knew of the existence of the bond; that the Final Judgment of Dissolution contemplates its allocation between the parties; and there is no ambiguity associated with the terms of the Final Judgment of Dissolution.[1]

■ This Court would note there is some question of standing upon the part of the Defendant to raise the issue of ownership of the bond as such a determination may have an effect on the rights of the ex-wife who is not a party to this action. The Trustee did not join her as a Defendant in the lawsuit and the Defendant, while alleging to be an agent of the ex-wife in its counterclaim for specific performance and charging lien, does not bring her within the bounds of this Court's jurisdiction. Therefore, the ruling of this Court must be limited to the dispute between the Trustee and the Defendant. Such a determination, albeit enlightening to others, cannot bind the ex-wife.[2]

## SETTLEMENT

■ From the facts emanating at trial and the associated documents and briefs presented to the Court, it is quite clear that while these parties attempted a settlement and sought to present it to the state court as "semi-complete", there was never a meeting of the minds. The hearing transcript associated with the settlement before the state court clearly shows each party was hedging its bets as they knew the settlement was precarious and could not take place without a final written document. The law is quite clear such unstable agreements are not settlements and cannot bind either party. *Dania Jai–Alai Palace, Inc. v. Sykes*, 495 So.2d 859 (Fla. 4th DCA 1986); *Robbie v. City of Miami*, 469 So.2d 1384 (Fla.1985).

## CHARGING LIEN

■ There is no doubt a charging lien of an attorney is accepted by Florida and federal law.[3] However, in light of the fact the Defendant was holding these particular funds in trust as an escrow agent awaiting final settlement, it cannot throw off the cloak of its fiduciary responsibility in order

1. *See, Harrell v. Sharp (In re Harrell)*, 754 F.2d 902 (11th Cir.1985). This Court, in reviewing the Petition of Dissolution filed by the wife and the answer by the husband/Debtor, notes the pleadings in the divorce action requested equitable distribution of jointly held personal property.

2. Another problem with the procedure in this case deals with the fact the Trustee filed a motion for leave to file a second amended complaint which was granted and the Defendant was required to file its answer. No answer was filed, however, it is quite clear from the parties' trial memorandum they are both proceeding on the Second Amended Complaint with the previous answer, defenses, counterclaims, and trial memorandum binding the parties.

3. *See, Mones v. Smith*, 486 So.2d 559 (Fla.1986); *In re Banks*, 94 B.R. 772 (Bankr.M.D.Fla.1989).

to obtain an undue advantage for itself. *The Florida Bar v. Bratton,* 413 So.2d 754 (Fla.1982); Fla. Bar Integration Rule, Art. 11, Rule 11.02(4). Further, this Court finds from the evidence the Defendant failed to establish its charging lien in accordance with Florida law. *Sinclair v. Baucom,* 428 So.2d 1383 (Fla.1983).

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED this Court finds the proceeds from the Nuveen bond and municipal bond fund plus any accumulated interest is property of the estate and the law firm of Levine, Hirsch, Segall & Northcutt, P.A. does not have a charging lien on those funds and they shall be turned over to the Trustee in an amount equal to the proceeds received from the sale of the Nuveen bond and municipal bond fund plus all accumulated interest. It is further

ORDERED, ADJUDGED AND DE-CREED the decision of this Court in no way affects the rights, titles, and interest of the ex-wife, Thelma A. Pattie, in these proceeds nor does this Court determine in anyway the dischargeability of any rights associated in the final judgment of dissolution or its amendments as between the Debtor and his ex-wife.

DONE AND ORDERED.