PER CURIAM.
The husband appeals: (1) an order denying his petition for modification of final judgment of dissolution; (2) an order denying his motion for rehearing of the same; (3) an order awarding his former wife attorney’s fees; and (4) an order holding him in contempt. We affirm all of the orders except the award of attorney’s fees, which we reverse and remand with direction for an evidentiary hearing.
In Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145, 1151 (Fla.1985), the Florida Supreme Court held:
[1]n computing an attorney fee, the trial judge should (1) determine the number of hours reasonably expended on the litigation; (2) determine the reasonable hourly rate for this type of litigation; (3) multiply the result of (1) and (2); and, when appropriate, (4) adjust the fee on the basis of the contingent nature of the litigation or the failure to prevail on a claim or claims. Application of Disciplinary Rule 2-106 criteria in this manner will provide judges with objective guidance in the awarding of reasonable attorney fees and allow parties an opportunity for meaningful appellate review.
Rowe requires the trial court not only to determine the proper amount of attorney’s fees by considering the hourly rate, the number of hours reasonably expended on the case, and the appropriateness of the reduction or enhancement figures but also requires that the trial court set forth specific findings as to these factors. Id. at 1151. Rowe is fully applicable to attorney’s fee determinations undertaken in the course of dissolution procedures. Tucker v. Tucker, 513 So.2d 733, 734 (Fla. 2d DCA 1987); see also Frechter v. Frechter, 548 So.2d 712 (Fla. 3d DCA 1989).
The only evidence contained within the record of the amount of attorney’s fees expended by the wife is an itemized billing statement of fees and costs attached to the wife’s motion for attorney’s fees. Even if this statement were sufficient to demonstrate the reasonable number of hours expended and a reasonable hourly rate, the award of attorney’s fees would still have to be reversed for a new evidentiary hearing due to the trial court’s failure to set forth specific findings. Lanham v. Lanham, 528 So.2d 80 (Fla. 2d DCA 1988); Frechter.
GLICKSTEIN, C.J., and ANSTEAD and HERSEY, JJ., concur.