618 So.2d 326 (1993)
Alberto M. CARBONELL, Appellant,
v.
Lourdes CARBONELL, Appellee.
No. 92-1196.
District Court of Appeal of Florida, Third District.
May 11, 1993.
Helman, Young & Black, Nard S. Helman, Coral Gables, Alberto M. Carbonell, for appellant.
Stickney & Sutter, Howard T. Sutter, Key Biscayne, for appellee.
Before HUBBART, GERSTEN and GODERICH, JJ.
GODERICH, Judge.
The husband, Alberto M. Carbonell, appeals from a final judgment of dissolution of marriage. We affirm, in part, and reverse and remand, in part.
The parties were married on April 8, 1988. The parties had one child, who was born, April 18, 1989. The husband is a self-employed attorney who practices commercial litigation. The husband lost a major client in April, 1991, when First Union National Bank purchased Florida National Bank. The husband presented evidence that his loss of income amounted to $25,000.00 per year. The husband presented a closing statement showing his total gross income for 1991 was $52,996.67. The wife is an assistant vice president at a bank and earned $36,000.00 in 1991.
The trial court entered a final judgment dissolving the marriage of the parties on May 1, 1992. The trial court concluded that the husband had the ability to pay child support. The final judgment under appeal states, in part:
It is the finding of this Court that the Husband has more income which must *327 properly be included in the income that he reflects on his Financial Affidavit. At the very least, under the guidelines, the monies which the Husband acknowledges as reimbursed expenses and in-kind payments which he receives from his law practice must be included in the Husband's income thereby providing the Husband a total net monthly income of at least $2,646.59 and 51% of guideline support compared to the Wife's net monthly income of $2,521.94.
The trial court ordered him to pay the sum of $445.30 per month in child support plus an additional $188.70 per month (51% of the actual cost) for after school care.
The wife was required to provide major medical and hospitalization insurance for the child and the husband was required to maintain a life insurance policy in the amount of $100,000.00 naming the wife as irrevocable beneficiary, as guardian for the child, for so long as he is required to pay child support. Both the child support and medical coverage provision of the final judgment use the following language: "Until the child graduates from high school, becomes nineteen years of age while still attending high school, dies, marries or becomes self-supporting whichever first occurs."
The husband raises several issues regarding the amount of child support awarded. The trial court has broad discretion in determining the amount of child support to be awarded. Leone v. Leone, 577 So.2d 587 (Fla. 3d DCA 1990); Culp v. Culp, 413 So.2d 1221 (Fla. 5th DCA 1982); Droubie v. Droubie, 379 So.2d 1331 (Fla. 2d DCA 1980). We find that there is competent evidence in the record to support the award of child support and that the trial court did not abuse its discretion in setting the amount of child support.
Next, the husband contends that the trial court erred in directing him to maintain a $100,000.00 life insurance policy naming the wife, as the guardian for the child, as the irrevocable beneficiary for as long as he is responsible to pay child support. The trial court has broad discretion on whether to require a party to maintain a life insurance policy to secure the child's support. Bosem v. Bosem, 279 So.2d 863 (Fla. 1973); § 61.13(1)(b)2, (c), Fla. Stat. (1991).
In the instant case, the husband admitted during oral argument that he might not continue practicing law. This is a special circumstance that dictates the necessity for a life insurance policy. Frechter v. Frechter, 548 So.2d 712 (Fla. 3d DCA 1989); Waskin v. Waskin, 346 So.2d 1060 (Fla. 3d DCA 1977). Unlike the fathers in Frechter and Waskin, we cannot say that the husband will continue to earn money in his profession. For this reason, we find that the trial court properly required the husband to keep a life insurance policy and thereby provided for the security of future child support payments. However, we must agree with both the husband and the wife that the amount of insurance ordered is excessive where the insurance is to serve as security only to the extent of prospective child support in the event of the husband's death, See Trager v. Trager, 541 So.2d 148 (Fla. 4th DCA 1989), and remand this case to the trial court to amend the final judgment in this regard.
Further, the husband contends that the trial court erred in requiring child support to be paid to the minor child even after the age of eighteen. Pursuant to Florida law, the legal obligations of the parents end upon the child reaching his or her majority, unless the child is statutorily dependent. See § 743.07, Fla. Stat. (1991). "Attending high school does not make the child statutorily dependent so as to extend the legal support obligation." Privett v. Privett, 535 So.2d 663, 665 (Fla. 4th DCA 1988) (citing Carter v. Carter, 511 So.2d 404 (Fla. 4th DCA 1987)).
In the final judgment, the trial court states that child support shall be paid "until the child graduates from high school, becomes 19 years of age while still attending high school, dies, marries, or becomes self-supporting whichever first occurs." Under this final judgment, the husband is obligated to pay child support beyond the child's eighteenth birthday in the event that the child has not yet finished high school. Therefore, the portion of the final judgment requiring the husband to pay *328 child support beyond the child's eighteenth birthday is hereby reversed.
Finally, the husband contends that the trial court erred in reserving ruling on only the wife's request for attorney's fees where both parties requested attorney's fees and court costs. We agree.
As the wife points out, the record reflects that the trial court indicated that it would address the issue of entitlement and amount of fees in a later hearing. This hearing did not occur. The trial court should have the opportunity to consider both parties' requests. Accordingly, we reverse the portion of the final judgment awarding the wife attorney's fees and remand the cause for a hearing to consider both parties' requests for attorney's fees.
We, therefore, affirm the final judgment in all respects, except we reverse that portion of the final judgment requiring child support payments past the age of eighteen and we remand the cause to the trial court with directions to clarify the final judgment so as to state that the life insurance is to be maintained as security for the support of the minor child in the event of the husband's death and in an amount commensurate with the required obligation and to conduct a hearing to determine entitlement and amount of attorney's fees.
Affirmed in part, reversed in part and remanded.